IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

WESTERN DISTRICT, PITTSBURGH, 1849.

## Stokely *versus* De Camp.

1. It is the duty of the Commissioner of Pensions to judge and determine all applications for pensions, and to construe and interpret all questions which may arise as to the construction of the several acts of Congress relating to pensions, subject only to the direction of the Secretary of War and Navy, to whom appeal may be made.

2. The Commissioner of Pensions, aided by the Secretary of War or Navy, constitute a special tribunal *ad hoc*, and its judgments, decrees and awards are necessarily conclusive and final.

3. The decisions and awards of the Commissioner of Pensions, aided by the Secretary of War or Navy, are in the nature of judicial decrees, which conclude the rights of all persons where they act within the scope of their authority.

4. The Commissioner of Pensions is the exclusive judge of the law and the facts in all cases within the scope of his authority, subject to appeal to the Secretary of War or Navy.

5. A decree awarding a pension to certain persons (naming them) as children of a deceased widow, who was entitled to a pension under the act of July 4, 1836, (but did not draw it,) when in fact only part of the children were named, is conclusive upon those not named, and can only be corrected upon re-examination by the Commissioner at his discretion, subject to appeal to the proper secretary.

ERROR to the Court of Common Pleas of *Westmoreland county*.

Case stated, the facts of which fully appear in the opinion of the court.

*Foster*, for plaintiff in error.

*Cowan*, contra.

VOL. II.—2

[Stokely *v.* De Camp.]

The opinion of the court was delivered by

ROGERS, J.—By the Act of Congress of the 3d March, 1837, the President of the United States is authorized to appoint a Commissioner of Pensions with power to execute and perform all such duties pertaining to the office, as may be prescribed by the President. Since the passage of the act, it has been committed to that officer to judge and determine all applications for pensions, and to construe and interpret all questions which may arise as to the construction of the several acts relating to pensions, subject only to the direction of the Secretary of War and Navy, to whom appeal may be made. This being a special tribunal constituted for that special purpose, its judgments, decrees and awards are necessarily conclusive and final. 1 Peters, 202; 2 Id. 95. As no authority is given to revise their proceedings, they alone are responsible. Their award is in the nature of a judicial decree, which concludes the rights of all persons, when they act within the scope of their authority. No person will doubt the power of congress to institute such commissions with plenary powers, and few will doubt their wisdom. The Commissioner, with the aid of the Secretary, where it is required, proceeds on equitable principles, wisely adopted, to do justice to every applicant in the most summary and expeditious manner, thereby avoiding delay, litigation and strife. They are the exclusive judges of the law and the facts of the case. In pursuance of the power thus conferred by the acts of congress, William Wilkins, then Secretary of War, on application of Joseph Stokely and Polly Finley, granted a certificate in the nature of a decree, to the purport following:—"That in conformity with the laws of the United States of the 4th July, 1836, Susanna Stokely, who was "the widow of Nehemiah Stokely, a captain in the Revolutionary war, was entitled to receive a pension at the rate of four hundred and eighty dollars per annum, commencing on the 4th March, 1831, and ending on the 7th August, 1835, which will be paid to her children, Joseph Stokely and Polly Finley." In accordance with the decree, the money was paid to the persons designated. The action we are now considering, was brought to recover a portion of the money, on the ground that the plaintiff was one of the children of Susanna Stokely, by a former husband. But we conceive the decree is in the nature of a judicial act, and consequently final and conclusive. The decree is an equitable and liberal construction of the act of the 4th July, 1836, beyond its letter certainly, but supposed (and perhaps justly so,) to be within its spirit, declaring in the first place that where the widow of a revolutionary officer has neglected to claim the pension allowed by that act, her children are entitled to it, and that the persons named, who were her

[Stokely *v.* De Camp.]

children, were entitled to receive the pension. The money is ordered to be paid to her children, naming them—that is, her children by Nehemiah Stokely, a captain in the revolutionary war. The decree is, in effect, an exclusion of all others, for to them alone could the money be paid. This is the fair import of the certificate or decree, and whether right or wrong, we are not at liberty to inquire, although I may be permitted to say that I see nothing unreasonable or unjust, in awarding the money to the children of the officer whose meritorious services caused the pension, rather than to others who were strangers to his blood, and who may have been in the service of the enemy. But be this as it may, it is impossible for us to say on what grounds the Secretary of War proceeded in making the award; whether he was of opinion that under the proper construction of the act, the children of the revolutionary officer were entitled to the pension in exclusion of all others, or whether he acted under a mistake as to the number of her children. But, take it in either point of view, the certificate is conclusive. Although there may be doubt, yet we are not without reason for supposing the former was the true ground, as the Secretary of War was not ignorant of the family. Mr. Wilkins, who made the final decree, was acquainted with De Camp, as appears from his certificate to the commissioner; and the probability is, that he knew the mother of De Camp, intermarried with Stokely, the revolutionary officer. Unless we suppose an intentional fraud practised on the department, in which the present claimant participated, all parties appear to have acted under a settled conviction that the pension, as was decided by the Secretary of War, was properly payable to the applicants. But granting that the Secretary of War was mistaken, either in the law or the facts of the case, I know of no tribunal that can correct the error, except those that made it, and whether they have the power or the will to do so, cannot be enquired of here. If it is as they say, it is but a mistake. No fraud is alleged, and if there was, it would come with a bad grace from De Camp, the witness who proved the essential fact of the marriage, and who must have been a party to it. We feel assured that much inconvenience will ensue, and more mischief than good, from an unadvised interference with the action of the department relating to pensions.

Judgment reversed, and judgment for defendant on the case stated.