H. E. Davies, Jr., Asst. Dist. Atty. Gen., for United States.

Chase, Hartley, & Coleman, for defendants.

## Case No. 14,484.

### UNITED STATES v. BABCOCK.

[3 Dill. 566;[1] 3 Cent. Law J. 101.]

Circuit Court, E. D. Missouri. Sept. Term, 1876.

PRACTICE — SUBPŒNA DUCES TECUM — TELEGRAPH MESSAGES—CERTAINTY.

1. Practice of the court in respect to the issue and form of subpœnas duces tecum stated.

[Cited in Johnson Steel Street-Rail Co. v. North Branch Steel Co., 48 Fed. 192; Re Storroo, 63 Fed. 567.]

[Cited in brief in Pynchon v. Day, 118 Ill. 11, 7 N. E. 65.]

2. Where the writ is directed to an officer of a telegraph company, to produce certain messages, it need only describe the messages with such practicable certainty that the witness may know what is required of him

3. The writ, in this case, *held* to specify the messages with sufficient certainty.

[Cited in Re Storroo, 63 Fed. 567.]

[Disapproved in Ex parte Brown, 72 Mo. 83.]

4. It is the duty of the person to whom the writ is directed, to use reasonable diligence to obey it, and to find and produce the required instruments of evidence if they are within his custody.

[Cited in Wertheim v. Continental Ry. & Trust Co., 15 Fed. 716.]

[See Babcock v. Terry. Case No. 702.]

Mr. Henry Hitchcock presented the following:

And now comes William Orton, and moves the court to vacate the order granting a subpœna duces tecum for him to appear in said court, and bring with him the papers and books therein mentioned, for the reason that the order granting such subpœna was improvidently made.

The petition for the order for a subpœna duces tecum was as follows:

Now comes David P. Dyer, attorney of the United States, and petitions for a subpœna duces tecum in the above-entitled cause, to be addressed to William Orton, and requiring him to appear as a witness in the above entitled cause, on the 3d day of January, A. D. 1876, and for the United States generally, and to bring with him, respectively, the following described papers and books, to-wit: Copies of all telegrams received through the office of the Western Union Telegraph Company, at Long Branch, in the state of New Jersey; from June 15 to September 15, 1874, and from June 15 to September, 1875, addressed to General Orville E. Babcock, signed John McDonald, John A. Joyce, John, or J., with books showing the delivery of the same; all telegrams sent from Long Branch through said office, during said months, signed O. E. Babcock, O. E. B., Bab., or B., addressed to John McDonald, or John A. Joyce, St. Louis, Mo., or Ripon, Wisconsin, all telegrams sent through the office of said company at the city of New York, upon the 9th, 10th, 11th, or 12th days of December, 1874, signed John McDonald, John, Mac, or Mc., addressed to John A. Joyce, St. Louis, Mo., or General O. E. Babcock, Washington, D. C.; also, copies of all telegrams received at the city of New York, from said city of St. Louis, on the 25th, 26th, 27th, 28th, and 29th days of October, 1874, addressed to Mrs. John A. Joyce, Mrs. Kate M. Joyce, Mrs. Kate Joyce, Kate Joyce, or Kate M. Joyce, together with books showing delivery of same. And for cause said attorney states that the above cause is pending against said defendant for having, during the period aforesaid, conspired with certain parties to defraud the United States, and said books and papers are material and necessary evidence in said cause, and are now in possession, as said attorney has good reason to believe, of William Orton. David P. Dyer, United States Attorney for Eastern District of Missouri.

Hitchcock & Shepley, for the motion.

D. P. Dyer and James O. Broadhead, contra.

DILLON, Circuit Judge (with the concurrence of TREAT, District Judge), in delivering, orally, the opinion of the court, in substance said:

We are now preparing to decide the motion presented this morning on behalf of Mr. Orton, the president of the Western Union Telegraph Company, to vacate the order for a writ of subpœna duces tecum which has been served upon him.

A petition was presented, in due form, some days ago, for an order for the issuing of subpœna duces tecum, to be directed to William Orton, who is the president of the Western Union Telegraph Company, to appear as a witness, generally, in the case against Orville E. Babcock, on behalf of the United States, and particularly to bring with him respectively the following described papers, books and telegrams. (DILLON, Circuit Judge, here read the list of telegrams described in the petition for the subpœna, and grounds set up therein.) This petition is to be taken as having the same effect as if it were made in an ordinary case under oath—the official statement, by the district attorney, of the facts therein alleged. The petition was presented, and an order made for the writ to issue. The writ conforms to the petition. Mr. Orton, as president of the Western Union Telegraph Company, appears in court by his counsel, and makes a motion to set aside the writ, on the ground that it was improvidently issued,

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

and counsel have been heard in support of that motion. The question is, whether the writ was properly ordered to be issued.

Several objections are made to the writ. No objection is made on the ground that these messages are privileged, confidential communications; that is, the telegraph company does not insist that they stand in any different relation from what private persons would if they had custody of the same papers. Therefore, we need not consider whether there is any ground to suppose that, in law, the telegraph company occupies a different relation than would be occupied by private persons having custody of the same papers. But Mr. Shepley suggested, in argument, that there was no sufficient showing here that these papers were material, but we understood him, finally, not to insist on that point. It is to be observed that the district attorney does state that these papers are material evidence in the case, but, whether they are material or not, is a question which cannot be determined in advance—that depends upon the actual posture and situation of the case when they come to be offered; and when the district attorney asserts that they are material papers, we must assume, for the present, that he is fully informed. and that they are material.

The only other objection made was that the petition and writ do not sufficiently identify the messages, or show them to be in the possession of the company, and that the writ, in fact, requires the company to make search for these messages. We think that the objection is not made with a proper view of the statements of petition in that regard, and of the functions of the writ. It is very easy, if Mr. Orton or the company is not in possession of the papers, for them to come here and say, "We have no such papers." That excuses them to the court, if the court is satisfied that such is the fact. But some degree of certainty is undoubtedly required in undertaking to specify the papers, and we have looked through books which have been referred to by counsel and others, and we find the law and practice quite well settled. It is this: The papers are required to be stated or specified only with that degree of certainty which is practicable, considering all the circumstances of the case, so that the witness may be able to know what is wanted of him, and to have the papers on the trial, so that they can be used, if the court shall then determine that they are competent and relevant evidence. There is no specific statute of the United States upon the subject. The fifteenth section of the judiciary act refers alone to civil cases at common law, and provides that the courts of the United States may compel parties to produce papers and documents pertinent to the issue on trial, under circumstances such as a court of equity can compel the production of like papers and documents. The practice in equity is very well settled. Of course, when a party wants the production of a paper, document, or book, he must specify it with as much particularity as is practicable; he must state what it is; he must make a prima facie showing that it is in the possession of the other party, and that it is material. But this statute has no reference to this case; it was enacted to enable a court of common law to obtain books and papers from the parties. A court of equity has the power to compel the discovery and production of papers in virtue of its inherent and general jurisdiction. Here are dispatches which are alleged to be in the possession of the telegraph company, which is no party to the suit, and to be material in order to inquire into the legal rights of the parties, and the writ would be just as available for the defendant, as for the United States, if he required the messages. The writ describes, with sufficient particularity, indeed, with all the particularity that seemed to be practicable, under the circumstances, the very messages that are wanted. Vasse v. Mifflin [Case No. 16,895].

It is objected that the writ, as framed, in effect, though not in terms, commands Mr. Orton to make search for messages. It is the duty of a person to whom such writ is directed, to make reasonable search for the papers and documents required, if they are in his possession. And Mr. Chitty recommends the insertion of a clause in the writ commanding the witness to search for the papers or documents he is required to produce; not, indeed, because this is necessary, but as a means of calling the attention of the witness to the duty of using reasonable diligence to obey the writ, and the more effectually to secure the production, at the trial, of the required instruments of evidence. 3 Chit. Prac. 829. The views above stated are fully supported by the authorities. Amey v. Long, 1 Camp. 14; Id., 9 East, 473; 3 Starkie, Ev. 1722. Motion denied.

[See Cases Nos. 14,485, 14,486, 14,487, and 16,594.]