## Noar *versus* Gill.

1. The plaintiff in a *scire facias sur* Mechanics' lien must show a debt, that it was contracted for work done or material furnished for or about the construction of the building, and that the claim was properly made and filed in pursuance of the terms of the statute. It is unnecessary for him to allege in his claim, or affirmatively prove, that the work was done or the material was furnished on the credit of the building. The burden is on the defendant to prove any matter which he affirms by way of defence.

2. The plaintiff's books of original entries are competent evidence of the items and the amount of the debt claimed, and he may show by other evidence the other facts which entitle him to recover.

3. Errors committed in matters referred to in assignments of error, not in accordance with the rules of the Supreme Court, cannot be corrected.

4. Hommel *v.* Lewis, 8 Out., 465; Presbyterian Church *v.* Allison, 10 Barr, 415, followed.

January 12th, 1886.    Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT, GREEN and CLARK, JJ. PAXSON, J., absent.

ERROR to the Court of Common Pleas, No. 1, of *Philadelphia county:* Of January Term, 1885, No. 205.

This was a proceeding to enforce a mechanic's lien for work done and materials furnished, for and about certain premises belonging to the defendant. The amount of the claim was paid by the latter into court, under the act of Assembly, and an agreement was filed that the case should go to trial, as if *sci. fa.* had issued, and the general issue had been pleaded. On the trial of the case the following facts appeared:

The plaintiff is a contractor and builder. On the sixteenth day of February, 1882, he entered into a contract in writing with the defendant to erect a certain store and dwelling, with a stable on the rear, of a lot situate on North Front Street, in the City of Philadelphia, according to certain specifications thereto attached. Under this contract the plaintiff was to furnish all the work and material set out in said specifications, and also a release of claims. The buildings were erected according to contract. The release of claims was furnished. In the progress of the work there were some changes made from the contract, upon the orders of defendant, which changes necessitated extra work, also furnished by the plaintiff. The buildings were completed, and the defendant moved in on the fifteenth day of August, 1882. The plaintiff then called upon the defendant for a settlement, there being still due and owing

$500 balance on contract price, and $277.35 for the extra work. The defendant, being unable to pay at that time, gave his due bill in part payment. The defendant also being unable to pay that, the same was, on the nineteenth day of September, 1882, converted into two promissory notes for $200 and $300 respectively, and a promise to pay the extra work. This was over a month after the defendant had taken possession of the premises. These notes went to protest, and the lien in this case was filed. Upon the trial the contract was proven, and these notes were offered as evidence of the balance due and admitted. The orders for the extra work were duly proven, and the plaintiff's book of original entries was offered to show the delivery. The charge in the book of original entries was, " Lieberman Noar, 2206 North Front Street," which is the number of the premises erected, and which was supplemented by the plaintiff's own testimony, that the work and materials as charged were ordered by the defendant, and that the work was done and the materials were furnished for the erection and construction of the premises contained in said contract; that the premises, No. 2206, were the premises erected in pursuance of the contract; that the work was done and materials were furnished upon the credit of the building.

The defendant resisted payment on the ground, *First*, that the plaintiff had not completed the contract, and had not furnished a proper release of liens, in consequence of which he suffered more damage than the amount due. *Second*, that the book of original entries did not show a sale on the credit of the building.

Defendant offered in evidence book of original entries, in which the materials claimed for were charged; Lieberman Noar, 2206 Front St. Objected to. Objection overruled. Book admitted. Exception for defendant. (First assignment of error.)

Counsel for defendant offered to show by the defendant himself, that the signatures of the tinsmith and the roofer on the release of claims were denied by them to him, the owner of the building, after the settlement was made with Gill. Objected to. Objection sustained. Exception for defendant. (Second assignment of error.)

The defendant requested the Court to charge the jury as follows :

" As to the claim for work and materials outside of the contract, the book of original entries put in evidence by the plaintiff does not show a sale on the credit of the building, and the plaintiff, therefore, cannot recover for the extra work and materials in this form of action. He has his remedy in another form of action against Noar personally."

Answer:—"Any evidence that satisfies the jury that the work and materials were furnished for or about the erection or construction of the building is sufficient."

. Verdict for the plaintiff for $628.74, and judgment thereon, whereupon the defendant took this writ, assigning for error the admission and the rejection of testimony as above set out, and the answer to his point.

*Henry Reed* (*William W. Wiltbank* with him), for the plaintiff in error.—Whatever damage may have accrued to the defendant from the imperfect character of the release of claims furnished him by the plaintiff, he was entitled to have considered as an element of his defence; and if any of the signatures to the release of claims were not genuine or not authorized, the contract was not executed.

It was certainly error for the court below to let a book which showed only a personal charge against the defendant. go in evidence in support of a claim on a mechanic's lien, and not to have qualified such admission by a requirement of further evidence that the goods, &c., so charged in the book to the defendant personally were really furnished upon the credit of the building. Wolf *v.* Batchelder, 6 P. F. S., 89; Hershey *v.* Gohn, 1 Pennypack. 41; Basch *v.* Sener, Id., 22; Parrish & Hazard's Appeal, 2 Norris, 111; See Johnson on Mechanics' Liens, pages 115, 181, 345, 357; Shriver *v.* Birchall, 2 W. N. C., 172; Church *v.* Allison, 10 Barr, 415; Hills *v.* Elliott, 16 S. & R., 58.

Before the plaintiff can recover, *First*, there must be a finding by the jury express or implied that the work done and materials furnished, which are the subject of the lien sued on, was done or were furnished on the credit of the building.

*Secondly*, to sustain a verdict, the fact of such credit being given must be shown by proof, inasmuch as the defendant's plea being the general issue denied all the plaintiff's case; and *Thirdly*, the court, upon the plaintiff's furnishing proof that the building was credited, should call the jury's attention to the point that proof of such credit was essential. In the present case, there was no verdict finding such credit; there was no allegation or proof of such credit; and no ruling of the court by which the question of such credit was left to the jury.

*Louis Boss* for the defendant in error.—1. It is not necessary for the plaintiff to prove affirmatively that the materials were furnished upon the credit of the building. This principle is clearly established by the following authorities: Mc-Mullin *v.* Gilbert, 2 Wh., 277; Young *v.* Chambers, 3 Harris, 266; White *v.* Miller, 6 Harris, 52; Van Billiards *v.* Nace, 1

[Noar v. Gill.]

Grant, 235 ; Hill v. Newman, 2 Wr., 151 ; Barbier v. Smith, 2 Wr., 296 ; Wolf v. Batchelder, 6 Smith, 87 ; Hommel v. Lewis, 15 W. N. C., 119.

The statute does not require either that the materials shall be charged against the owner, or that the claim of lien shall assert that they were furnished on the credit of the building, or that affirmative proof shall be made that such was the fact.

The burden of proof is shifted to the defendant to show that the materials, etc., were not furnished upon the credit of the building, and that the plaintiff is not entitled to recover. Here there is not even a denial that the materials, etc., were furnished and used in the building, but on the contrary, defendant admits having ordered some of the extra work : Van Billiards v. Vace, 1 Grant, 235 ; Barclay v. Wainwright, 5 Norris, 191 ; Hommel v. Lewis, 15 W. N. C., 119.

Mr. Justice TRUNKEY delivered the opinion of the Court, March 1st, 1886.

Had error been committed in the matters referred to in the first and second assignments, it could not be corrected, for neither assignment quotes the full substance of the bill of exception, or sets forth a copy of the bill, as required by rule XXIV. But it is plain that the defendant suffers naught by the omission. The fact that the book of original entries showed only a charge against the defendant personally is no reason for its rejection. It is immaterial whether the offer of the book was accompanied by an offer of other evidence, for if it was competent to show the debt alleged to be secured by the lien, it was admissible for that purpose. Even where the claim is by one who sold materials to the contractor, and the charges are against the contractor only, the book is competent evidence of the items and amount of the debt, and the plaintiff may show by other evidence the other facts which entitle him to recover. Presbyterian Church v. Allison, 10 Pa. St., 413.

This claim was filed on April 13th, 1883, for the last work done on the building, and the trial was October 22d, 1884. Had claims been filed by the roofer and tinsmith they could readily have been shown at the trial—had no claims been filed no liens remained. The second assignment is so devoid of merit that the defendant has put nothing in his paper book showing whether the offered testimony was pertinent, or improperly rejected.

The main question, and the one really relied on by the defendant, is presented in the third assignment of error, namely, whether there was evidence to warrant a finding that the work and materials were furnished on the credit of the building. If

so, the defendant's point was rightly refused. Conceding that the book of original entries alone fails to show such credit, it by no means follows that the plaintiff was not entitled to a lien. The evidence is not printed, but at the argument the parties conceded that the claim was filed by the contractor against the owner, and was for an alleged balance due on the written contract and for extra work and materials; that the work and materials were furnished for and used in the construction of the building, the extra work having been ordered by the defendant; and that the defendant moved into the building soon as completed. An agreement was made that the cause should be tried as if *scire facias* had been issued and the general issue pleaded.

The statute declares that every building within its operation "shall be subject to a lien for the payment of all debts contracted for work done or materials furnished for or about the erection or construction of the same." What is requisite to create the statutory lien for payment of the debt? Simply doing the work or furnishing materials for the construction of the building. The facts to be established are few, and are clearly stated in the statute. But the creditor may have done some act which bars his right, as the giving of sole credit to the contractor, or agreeing with the owner to waive the security of the lien. No rule of evidence requires the creditor to prove that he has done no act to annul his statutory security. If the debtor or owner of the building alleges that the claimant has done an act which annuls the lien, the burden of proof of such act rests on the owner or debtor. Of course, where a plaintiff in making proof of his right to a lien, shows that he did the work or furnished the materials on the mere credit of the contractor, or on a contract that he should not have the lien, the effect of such testimony against his right is the same as if it had been adduced by the defendant. If he cannot prove the debt without showing that he has no right to the security, he has no case, but to make a *prima facie* case he has only to prove the statutory requisites.

The question involved in this case has already been decided. It is unnecessary for the plaintiff to allege in his claim, or affirmatively prove, that the work was done on the credit of the building. It must be true as a fact that the work was so done, and such fact will be presumed where the plaintiff has complied with all the provisions of the statute relating to the lien which he claims. To establish his right he must show a debt, and that it was contracted for work done or materials furnished for or about the construction of the building, and that the claim was properly made and filed in pursuance of the terms of the statute. Then the burden is on the defendant

[Lewis v. Browning.]

to prove any matter which he affirms by way of defence. Hommel v. Lewis, 104 Pa. St., 565. Prior decisions touching the point need not be noted, as they were carefully reviewed in that case by Justice GREEN. There, the materials had been sold to and charged in the plaintiff's book of original entries against the contractor, and it was remarked that the mere circumstance that the materials were charged to the contractor would itself create no presumption that they were furnished on his credit only, though such circumstance would be some evidence to be considered with other evidence, if any, that the credit was given to the contractor. Here, the charge is against the owner of the building, and is consistent either with a personal credit or a credit on the security of the lien, but is no evidence that the security was released or waived.

The court rightly ruled that "any evidence that satisfies the jury that the work and materials were furnished for and about the erection or construction of the building is sufficient." A portion of the argument demonstrates that the claim was not evidence, but it does not appear that the claim was submitted as evidence of anything. Nor does it appear that there was no evidence of the fact involved in the ruling. Unless the facts set forth in the claim are admitted by the plea, or otherwise, the plaintiff must prove them, and we are unadvised of any inconsistent ruling at the trial.

Judgment affirmed.