Per Curiam,
The learned judge below fairly submitted to the jury the two important questions of fact in this case, viz : (a) whether Malster & Beaney were contractors for erection and construction, and (b), whether the articles, for which the claim was filed, were furnished upon the credit of the building, or *174 were sold to Malster & Heaney upon their personal credit. Material that is furnished to a contractor for the erection of a particular building is prima facie upon the credit of such building. If it be furnished for and entered into the construction, the burden is upon the defendant to show that it was furnished upon the credit of the contractor alone. Hommel v. Lewis, 104 Pa. 465; Noar v. Gill, 111 Pa. 488. In the case in hand, the defendants alleged that Malster & Reaney were not contractors; that they had no authority as contractors to build' the building; that the articles referred to were sold by plaintiff to Malster & Heaney upon their personal credit, and that the plaintiffs, whose place of business was in Baltimore, could not have furnished the machinery upon the credit of the particular building in which it was placed, for the reason that they had no knowledge of any such building. It was under such circumstances that the court instructed the jury that “If you find that the machinery was not furnished upon the credit of the building, although used in it, that is an end of the case, and the verdict ought to be for the defendant.” This means, in view of the facts, that the credit must have been given to the building and not to the contractor. We see no error in this instruction.
The language in the plaintiffs’ second point, taken from the opinion of this court in Noar v. Gill, supra, is entirely accurate in the sense in which it was used in that case; it is not equally applicable here. There was enough in the defendants’ case to rebut the presumption that plaintiffs had furnished the materials upon the credit of the building; and there was no evidence that Malster & Heaney had authority as contractors to bind it. Under such circumstances, it was not error to refuse the plaintiffs’ second point. None of the assignments of error is sustained.
Judgment affirmed. A. B. W.