# American Car & Foundry Company *v.* Alexandria Water Company, Appellant.

*Evidence—Subpœna duces tecum—Particularity of description.*

The same reasonable certainty in describing what is required, should be observed in a subpœna duces tecum, as is held necessary in the case of applications for orders to produce books and papers.

Where the plaintiff will swear that some specific book contains material or important evidence, and sufficiently describes and identifies what he wants, it is proper that he should have it produced. But this does not entitle him to have brought in a mass of books and papers in order that he may search them through to gather evidence.

The peculiarity of the subpœna duces tecum, is that in the nature of things it must specify with as much precision as is fair and feasible the

particular documents desired; because the witness ought not to be required to bring what is not needed, and he cannot know what is needed unless he is informed beforehand.

It is unreasonable for a plaintiff to ask from the defendant a blanket list of persons and firms, with whom the defendant had made contracts during a particular year.

*Principal and agent—Authority of agent—Corporation—Power of agent to accept note—Mechanic's lien—Evidence.*

A party who avails himself of the act of an agent must, in order to charge the principal, prove the authority under which the agent acted. The burden of proof lies on him to establish the agency and the extent of it.

Where the defendant in a scire facias sur mechanic's lien denies the right of the plaintiff, a corporation, to file the lien, because of the acceptance of a note by an agent of the company, the burden is upon the defendant to show that the agent had authority to accept the note as payment, and if the agent denies that he had such authority, and there is no other proof offered, the defendant cannot prevail as to such defense.

The taking of the notes of a contractor for an amount due to a material man does not of itself effect a relinquishment of the right to file a lien. Nothing less than the agreement of the parties that it shall do so will effect a waiver of such right.

*Practice, C. P.—Judgment—Judgment for plaintiff non obstante veredicto—Act of April 22, 1905, P. L. 286.*

Where a point requesting binding instructions for plaintiff is refused and a verdict is rendered for the defendant, the court may under the Act of April 22, 1905, P. L. 286, subsequently enter judgment for plaintiff non obstante veredicto, if a binding direction in favor of the plaintiff would have been proper at the close of the trial.

Argued April 20, 1908. Appeal, No. 87, Jan. T., 1908, by defendant, from judgment of C. P. Huntingdon Co., May T., 1905, No. 23, for plaintiff non obstante veredicto in case of American Car & Foundry Company, subcontractor, v. Alexandria Water Company, owner or reputed owner, and William M. Powell & Company, contractor. Before MITCHELL, C. J., FELL, BROWN, POTTER and STEWART, JJ. Affirmed.

Scire facias sur mechanic's lien. Before WOODS, P. J.

Before the trial, W. F. Lowery, who had been served with a subpœna duces tecum, petitioned the court to be relieved from producing certain documents. The court for reasons

stated in the opinion of the Supreme Court granted the witness the relief which he sought. [1]

At the trial when Mr. Lowery was on the stand the following request was made:

Mr. Bailey: Counsel for defendant is not at present making any offer, he is asking the witness who has been subpœnaed with a duces tecum and who has in obedience to that duces tecum produced in court a list of the persons, firms and corporations with whom he has made contracts during the year 1903; counsel requests the witness, who has been subpœnaed by the defendant, to allow him to see the list of persons with whom he has contracted during the year 1903 so that the witness may be properly examined by counsel for defendant.

Mr. Waite: Plaintiff's counsel objects to the rights of the defendant to go into the private papers and contracts, if there be contracts, of the plaintiff company, with other persons, firms and corporations, and if the gentleman will specify any particular contract or contracts which he desires to have produced and will show how they can become material, then it is a matter for the court to decide whether or not they shall be produced and exhibited.

The Court: Objection sustained. Evidence excluded. Bill of exceptions sealed for defendant. [2]

The facts of the case appear by the opinion of the Supreme Court.

Verdict for defendant. Subsequently the court entered judgment for plaintiff for $10,562.59 non obstante veredicto.

*Errors assigned* were (1, 2) rulings as to the production of books and documents; (6) in refusing binding instructions for plaintiff; and (9) entering judgment for plaintiff non obstante veredicto.

*Thomas F. Bailey*, with him *Samuel I. Spyker*, for appellant.—We contend that upon the issued joined every contract was as material as every other one. Each would tend to show the authority with which Lowery acted in relation to it. It was utterly impossible for us to designate any particular contract which he had made, and if it had been, any particular contract could in no way have been more material than any

other contract : Campbell v. Knowles, 13 Phila. 163 ; Dexter v. Walker, 7 Pa. C. C. Rep. 274 ; Phila. v. McManus, 17 Phila. 4.

The Act of April 22, 1905, P. L. 286, was not intended to change the relative functions of court and jury so as to permit the judge to decide questions of conflicting evidence, but only to allow him to do, subsequently, on review of the whole case what it then appeared would have been proper to do by binding direction at the trial : Dalmas v. Kemble, 215 Pa. 410 ; Bond v. Penna. R. R. Co., 218 Pa. 34 ; Shannon v. McHenry, 219 Pa. 267.

Even assuming that all the reasons heretofore advanced against the decree entering judgment non obstante are untenable, yet the judgment would have to be reversed for the reason that the court assumed to determine the scope of Lowery's authority as a question of law : Seiple v. Irwin, 30 Pa. 513 ; Loudon Saving Fund Society v. Bank, 36 Pa. 496 ; Lamb v. Irwin, 69 Pa. 436 ; Lerch v. Bard, 153 Pa. 573 ; Shea v. Quaker City Wheelmen, 9 Pa. Superior Ct. 225 ; Mange-Wiener Co. v. Patton Worsham Drug. Co., 27 Pa. Superior Ct. 315 ; Swing v. Bates Machine Co., 32 Pa. Superior Ct. 403 ; Singer Mfg. Co. v. Christian, 211 Pa. 534 ; Williams v. Getty, 31 Pa. 461 ; Harrington v. Bronson, 161 Pa. 296 ; Anderson v. Nat. Surety Co., 196 Pa. 289 ; Empire Implement Mfg. Co. v. Hench, 219 Pa. 135.

*H. H. Waite*, with him *W. H. & J. S. Woods* and *C. C. Brewster*, for appellee.

OPINION BY MR. JUSTICE POTTER, May 25, 1908:

This was a scire facias upon a mechanic's lien filed by the American Car & Foundry Company, as subcontractors, against the reservoir and water works and system of the Alexandria Water Company. The right to maintain the lien was sustained by this court, in 215 Pa. 520. A trial was then had under the scire facias which resulted in a verdict for the defendant. Judgment on this verdict was reversed, because of error of the trial judge in permitting certain cross-examination of plaintiff's witness and in rejecting evidence offered by plaintiff, and a venire facias de novo was awarded : American Car & Foundry Co. v. Water Co., 218 Pa. 542. The case was tried

again and the verdict was again for the defendant, subject to points of law reserved. A motion for judgment non obstante veredicto was filed by the plaintiff and granted by the court below and judgment was entered for plaintiff for the full amount of the claim with interest. Defendant has appealed.

There was no dispute as to the contracts, the performance of the work, and furnishing materials, nor as to the amount due the claimant. The defendant denied liability, for the alleged reason that the claimants had accepted notes of the contractors in payment of the balance due upon the account, and had, therefore lost the right to file a mechanic's lien.

It appears from the evidence that the Alexandria Water Company contracted with William M. Powell & Company to construct a gravity water system at Alexandria, Huntingdon county, Pa., for $18,000. Powell & Company in turn contracted with the American Car & Foundry Company for the cast iron pipe and specials necessary for the construction of the water plant, for $12,221.20. The water pipe, etc., were furnished according to the contract, and the contractors paid on account of the contract price, $3,649.98, leaving a balance due of $8,571.22, for which the mechanic's lien was filed.

William P. Lowery was district manager for the American Car & Foundry Company, having an office at Berwick, Pa., and the contract with Powell & Company was made by him for his company. The payments on account made by Powell & Company were sent by them directly to the home office of the American Car & Foundry Company at St. Louis, Mo. William M. Powell testified that they remitted to the home office at St. Louis because they were directed on the invoices to do so. Lowery, who was called by defendant as witness, testified that he had power to make contracts within certain lines for his company, but that he had no authority to make collections or to receive notes, checks or money in payment for the sales made by him; that all collections were made from the treasurer's office at St. Louis, and that all invoices were dated as from the home office where payments were to be made. There was no evidence that Lowery had any authority to receive payments either in cash or note for the company, or that he at any time received any payments on its behalf.

It appears from the testimony that in December, 1903, Mr. Mandeville, a member of the firm of Powell & Company, accompanied by a lawyer, Mr. Abner Smith, visited Lowery at his office in Berwick with a view to making settlement of the claim. Mr. Smith testified that Mr. Lowery agreed to accept certain notes, but he refused to say that he agreed to accept them in satisfaction of the claim. His memory was indistinct as to that. Mr. Lowery testified that his understanding was, that the notes were to be tendered for the decision of the company, and that a few days afterwards the notes were given to him, and he sent them to St. Louis for the consideration of the company at the home office. The notes were rejected by the company and returned to Lowery, who turned them over to the attorney of the company, with instructions to proceed to collect the claim. He obtained a judgment as collateral for two of them, and also gave notice and filed the lien upon which this scire facias was issued.

The entire defense rests upon Smith's testimony that the notes were accepted, and the inference which it was strongly urged should be drawn from that fact, that such acceptance was in satisfaction and payment of the indebtedness.

Prior to the trial the defendant served upon Lowery a subpœna duces tecum, commanding him to produce at the trial certain books and papers. It was not specific, but was couched in the most indefinite terms. Thereupon Lowery petitioned the court, setting forth that it would put the plaintiff to a tremendous amount of trouble and expense to produce all the books and papers required by the subpœna; that it would require a number of very large boxes to transport them and that they would then be exposed to destruction, and that he was advised that the greater part of the books and papers were not and could not become material in any way to the issue to be tried, and praying that he might be relieved from compliance with the subpœna. The court granted the prayer of the petition, and confined the production of books and papers to such only as might be shown to be material in the case. This action of the court is made the subject of the first assignment of error.

The learned judge was entirely right in his conclusion. The same reasonable certainty in describing what is required, should

be observed in a subpœna duces tecum, as is held necessary in the case of applications for orders to produce books and papers. In Cowles v. Cowles, 2 P. &. W. 139, it was held that, where an order for the production of books and papers under the act of February 27, 1798, is asked for, the papers must be described with reasonable certainty. In Wills v̇. Kane, 2 Grant, 47, Justice WOODWARD said (p. 54): " The affidavit of notice must describe the books and papers with reasonable certainty—must allege that they are, or at least that the affiant verily believes them to be, in the possession or power of the party—and that they contain evidence pertinent to the issue."

Anything in the nature of a mere fishing expedition is not to be encouraged. Where the plaintiff will swear that some specific book contains material or important evidence, and sufficiently describes and identifies what he wants, it is proper that he should have it produced. But this does not entitle him to have brought in a mass of books and papers in order that he may search them through to gather evidence. In 23 Am. & Eng. Ency. of Law (2d. ed.), 179, it is said : " The courts uniformly decline to grant an application for production and inspection where it is merely for the purpose of a fishing examination, as where it is made to discover whether or not there is evidence contained in the documents which will be useful to the applicant, or for the purpose of determining whether he has a cause of action, or a defense, or in anticipation of a defense, or to gratify curiosity."

And the fair and proper rule upon the subject is also set forth in 3 Wigmore on Evidence (1904), sec. 2200, where it is said : " A peculiarity of the subpœna duces tecum is that in the nature of things it must specify with as much precision as is fair and feasible the particular documents desired, because the witness ought not to be required to bring what is not needed, and he cannot know what is needed unless he is informed beforehand." And in a note to above the following cases are cited : Carson v. Hawley, 82 Minn. 204. Demand for all books and papers for a business during three months held insufficient : Ex parte Brown, 72 Mo. 83 (93). There must be a " reasonably accurate description of the papers wanted," and a showing that it is material in a pending cause ; here, a call for all telegrams between half a dozen

persons within fifteen months past was held too broad: United States v. Babcock, 3 Dill. 566 (570). "The papers are required to be stated or specified only with that degree of certainty which is practicable, considering all the circumstances of the case, so that the witness may be able to know what is wanted of him and to have the papers on the trial, so that they can be used if the court shall then determine that they are competent and relative evidence."

An order to produce all papers concerning the matter in dispute is not sufficiently specific. The papers and documents to be produced should be described with reasonable precision. An inspection of the subpœna in this case shows that the court below was fully justified in refusing to compel obedience to what was asked for. The first assignment of error is, therefore, dismissed. For the same reason the second assignment of error is overruled. It was unreasonable to ask for a blanket list of persons and firms with whom contracts had been made during the year. In the absence of all particularity in specifying what was wanted, and without any showing of materiality, the court was right in sustaining the objection to the demand for a general list of contracts with other persons.

With regard to the authority of the agent, Mr. Lowery, to accept the notes in full payment of the claim, this court said, when this case was here before, 218 Pa. 542, that the evidence offered upon the former trial was too meager to enable us in reviewing the case to determine what the general powers of the agent were, and the case was sent back to enable defendant, if possible, to produce more satisfactory evidence in that respect. But the correctness of the judgment which has now been entered in the court below must, of course, be tested by the evidence offered upon the last trial. The trial judge held it was insufficient to establish authority in the district manager to accept the notes of the contractors in full settlement of the account, and our review of the testimony leads us to the same conclusion. The burden of proof was upon the defendant; "a party who avails himself of the act of an agent must, in order to charge the principal, prove the authority under which the agent acted. The burden of proof lies on him to establish the agency and the extent of it:" Hays v. Lynn,

7 Watts, 524, 525 ; Moore v. Patterson, 28 Pa. 505, 512 ; American Underwriters' Assn. v. George, 97 Pa. 238, 241 ; Relief Assn. v. Post, 122 Pa. 579, 597 ; Smith v. Iron & Steel Co., 208 Pa. 462, 466.

In the present case the district agent, Mr. Lowery, who was called by the defendant to establish his authority to receive the notes in payment, not only denied positively that he had taken them in payment, but denied that he had authority to so receive the notes, and denied further that he had any authority to receive payments even in cash. There was no other evidence of his authority, and it appeared from the evidence that the contractors, Powell & Company, had notice, from the invoices of the material sent to them, that payments must be made to the treasurer of the plaintiff company at St. Louis. And in pursuance of such notice they did forward the cash payments made by them on account, directly to St. Louis, and they paid no money to Mr. Lowery. At the trial the defendant put Mr. Lowery on the stand for the purpose of proving the scope of his authority, and this opened the door to the plaintiff on cross-examination to show precisely the limits of that authority. We see no merit in the third assignment of error.

As a general principle, the taking of the notes of the contractors for the amount due to the material men would not of itself effect a relinquishment of the right to file a lien. This was decided in Kinsley v. Buchanan, 5 Watts, 118, where it was said (p. 119) : " Additional securities are in their nature cumulative ; nor where the parties have not expressly or impliedly so stipulated, is there any reason why the one should be a relinquishment of the other. Accordingly, it has been determined in one of the cases cited that acceptance of a bond is not an abandonment of a mechanic's lien. The case is in point and rules the present." To the same effect are Jones v. Shawhan, 4 W. & S. 257; Odd Fellows' Hall v. Masser, 24 Pa. 507; Shaw v. Church, 39 Pa. 226 ; Noar v. Gill, 111 Pa. 488.

Nothing less than the agreement of the parties that it shall do so will have the effect of waiving the right to file a lien. " If the note is taken as a payment of the debt, the lien is waived. It is not, however, to be presumed that a note taken

by a person entitled to a lien was taken as payment, but it must be shown that such was the case:" 27 Cyc. L. & Pr. 272. In the present case, if there had been evidence of authority on the part of Lowery to receive payment of the account in the shape of notes, then the testimony of the witness Smith would have been sufficient to take the case to the jury on the question of fact as to whether or not the notes were so accepted in payment, and with the intention of releasing the right to lien. But in the absence of any evidence of such authority on the part of Lowery, there is nothing in the record to show that the defendant company ever parted with the right to enforce its lien.

The fact that one of the points reserved was a request by the plaintiff for binding instructions, brings the case directly within the terms of the Act of April 22, 1905, P. L. 286, which applies expressly where such a point requesting binding instructions has been reserved or declined. Under all the evidence, as we have seen, a binding direction in favor of the plaintiff would have been proper at the close of the trial. The court below, therefore, very properly entered judgment non obstante veredicto for the plaintiff.

The assignments of error are all overruled, and the judgment is affirmed.