*Decision will be entered under Rule 50.*

HAMILTON WEB CO. (A NEW YORK CORPORATION), DISSOLVED, BY HAMILTON WEB CO. (A RHODE ISLAND CORPORATION), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15966. Promulgated February 21, 1928.

*William A. Needham, Esq.*, for the petitioner.
*M. N. Fisher, Esq.*, for the respondent.

#### MEMORANDUM AND ORDER.

LITTLETON: The Commissioner determined deficiencies for the years 1917, 1918, and 1919, and in said determination held that no abnormalities had been disclosed affecting either petitioner's income or invested capital, that the invested capital for 1917 had been satisfactorily determined, and declined to determine the profits tax under the provisions of section 210 of the Revenue Act of 1917 and section 328 of the Revenue Act of 1918.

In its petition filed May 14, 1926, petitioner assigns the refusal of the Commissioner to determine its profits tax under the provisions of sections 210 and 328 as error. The original petition was answered by the Commissioner on July 15, 1926, and on December 13, 1927, the petitioner filed an amended petition and on January 13, 1928, filed a second amended petition, wherein it was claimed, first, that the deficiencies are barred by the statute of limitations; second, that the Commissioner erred in disallowing a deduction of $22,333 in 1917 and $31,602 in 1918 for certain obsolete patterns; third, in allowing

insufficient depreciation on buildings and machinery; fourth, in refusing to allow $135,809.46 as paid-in surplus for the years 1917, 1918, and 1919; fifth, in refusing to determine the profits tax for 1917 under section 210 and for the years 1918 and 1919 under sections 327 and 328.

On January 17, 1928, petitioner filed an application " for subpœna to answer interrogatories " relating to certain " data sheets and card records" and to answer certain interrogatories with reference to six concerns named in the application, and to furnish in such answers certain information disclosed by the returns of said corporations for the years 1917, 1918, and 1919.

The application is denied, first, because it is not in proper form in that the Board is requested to issue a subpœna to require the Commissioner to compile certain information and to answer under oath certain written interrogatories before some person authorized to administer oaths in the District of Columbia, and to file such information and answers with the Board of Tax Appeals within fifteen days from the serving of the subpœna, or within such time as the Board may fix; secondly, the proceeding has not yet been set for hearing; and thirdly, neither the petition filed by the petitioner nor the application for subpœna sets forth sufficient facts or circumstances to show that the information concerning the companies mentioned is reasonably necessary or relevant to the determination of any of the issues raised. No facts have been stated which would indicate that the companies mentioned are in any wise similarly circumstanced to the petitioner in the nature of business engaged in, nor as to any of the other features specified in the statute relative to the character of comparatives to be used in determining deficiencies under section 210 or 328.

No showing has been made which would warrant the Board in ordering the taking of testimony of the Commissioner upon issues involving 327 and 328 by written interrogatories in advance of the hearing by the Board. Such evidence can best be introduced by the personal appearance of the Commissioner or someone designated by him before the Board upon the hearing of the proceeding.

The Board will not issue a subpœna for the production of documents by the Commissioner without a more specific statement of facts as to the necessity and relevancy of the documents required than has been made in this application.

It is the duty of a taxpayer to set forth in its petition filed with the Board sufficient facts to constitute a cause of action upon the issues raised, which, if proved, would entitle the taxpayer to the relief sought. The statement of a conclusion in the petition or application for a subpœna, that the invested capital can not be satisfactorily determined, or that a mixed aggregate of tangible and

intangible property has been paid in for stock and bonds and that the respective values of the several classes of property at the time of payment can not be satisfactorily determined, or that there are abnormal conditions affecting the capital or income of the corporation, is not, alone, sufficient to warrant the Board in issuing a subpœna to the Commissioner for the production of a mass of information from tax returns of many other corporations.

The purpose of a subpœna *duces tecum* in proceedings before the Board is to enable the party making application therefor to introduce at the hearing of the proceeding the primary evidence necessary to establish the facts alleged in respect of a particular issue and this subpoena may not be availed of for the purpose of making a general search into the records of the Commissioner's office, or to inquire into the affairs of other corporations, as disclosed by the returns filed by them, in an effort to discover facts upon which the particular taxpayer in a proceeding before the Board may predicate a claim for relief in whole or in part from a deficiency determined by the Commissioner. The Board is not an investigating body but its duty is to determine issues raised upon the facts alleged and proved and neither party to the proceeding may use the process of the Board for the purpose of making a preliminary investigation to determine whether he has a cause of action.

It is not necessary that a taxpayer set forth in its petition or in the application for a subpoena, all of the detailed facts which the documents asked for may show, but there must be some limit to the use of the subpoena *duces tecum* beyond which the taxpayer corporations may not go if the Board is to properly function in the matter of hearing and deciding cases before it. It is the purpose of the Board to limit the issuance of subpoenas for the production by the Commissioner of returns and documents relating to the tax liability of other taxpayers to those cases in which the particular taxpayer making an application for such subpoena sets forth with particularity the documents desired and makes a reasonable showing by an adequate statement of facts as to the relevancy and necessity of the specific documents requested in the determination of the issue involved in the proceeding before the Board.

In the case of *United States* v. *Babcock*, Fed. Cas. No. 14,484, 9 Dill. 566, the court said:

The allegation of counsel in the petition that the evidence is material or relevant is but a conclusion of law. It is for the court to determine from the facts set out in the petition, or perhaps other proofs, whether the documents, when produced, will be relevant and material. In my opinion, in order to entitle a party to a *subpoena duces tecum*, requiring a witness not a party to the action to produce books and documents in his possession, it is not sufficient to allege merely that the documents required are material or relevant to

942

the issues; but the facts which will show the court that they are relevant and material must be set out, in order to enable the court to determine that fact.

Seeking the production of papers and documents for the purpose of finding out whether or not they contain information valuable to the party demanding them has been aptly denominated a "fishing examination" and is always regarded as oppressive and as such denied. 2 Elliott on Evidence, Sec. 1410; *United States* v. *Tilden*, 10 Ben. 566, Fed. Cas. No. 16,522.

See also *Elting* v. *United States*, 27 Ct. Cls. 158; *American Car & Foundry Co.* v. *Alexandria Water Co.*, 221 Pa. 529; 70 Atl. 867; *Hale* v. *Henkel*, 201 U. S. 43.

Wherefore, it is

ORDERED that the application for a subpœna filed January 17, 1928, be and the same hereby is denied.

By the BOARD.