## Commonwealth ex rel. v. Mallen et al.

*T. McKeen Chidsey*, Attorney General, and *Ralph B. Umsted*, Deputy Attorney General, for Commonwealth.

*John Patrick Walsh* and *Thomas McBride*, for respondents.

MCDEVITT, P. J., April 23, 1948.—This matter comes before the court on petition and answer. The answer raises questions of law and it admits those facts which are not denied, and by proceeding on petition and answer petitioner admits the facts averred in the answer.

Petitioner in the course of an investigation of violations of the law of the Commonwealth with respect to the liquidation of some assets of defunct building and loan associations served upon respondents a subpœna duces tecum for their personal appearance and the production of books, papers and records of 10 certain corporations in the possession and control of said respondents. Respondents did not appear at the appointed time and place, but counsel representing them did and made a statement setting forth the reasons why respondents would not appear and would not produce the books, papers and records called for. The statement appears in the pleadings.

Respondents question the jurisdiction of the investigating body both as to its makeup and its right to issue such a subpœna, and brand it as an unwarranted search and seizure violating respondents' constitutional right to immunity from such practices. Upon the refusal of respondents to appear the Attorney General filed a petition with this court for a rule to show cause why they should not be punished for contempt of court.

For sometime past officials of the Banking Department and the Department of Justice have been conducting an investigation into the management and liquidation of certain defunct building and loan associations by representatives of those departments of the State Government. While these investigations were not conducted in public, information that was gathered behind closed doors has appeared in the daily newspapers. The investigation now before the court developed from those preliminary hearings and preparations were made to carry it on in public, to subpœna

and swear such witnesses as they thought possessed information of value to the Attorney General in his investigation.

The subpœna was issued by a deputy attorney general which raised the first question on behalf of respondents as to the right of a deputy to issue such a paper. The question is one of form and not substance and even though in the opinion of the court a subpœna of this character should be issued by the head of the department and only by a deputy when the head is unable to act, it is not necessary to decide this question upon such a fault for the decision may rest upon other and more substantial basis.

Both petitioner and respondents have cited a great many cases. The court has examined all of them as well as the ones referred to therein, and feels that there is only one question to be determined at this time: are respondents in contempt of court?

The petition does not ask the court to determine whether defendants are guilty of contempt of court, nor does it seek to compel them to appear and answer such questions as may be propounded. The petition asks for a rule directed to respondents, asking that they be punished for contempt of court.

In Cudahy Packing Co. v. Holland, 315 U. S. 357, Mr. Chief Justice Stone of the United States Supreme Court said, "True, there can be no penalty incurred for contempt before there is a judicial order of enforcement".

It is the opinion of this court that respondents cannot be in contempt of court before such a body, which is certainly nonjudicial. The practice in a great many other jurisdictions, and under other Pennsylvania acts, giving departments the right of subpœna, has been to bring contumacious witnesses before a court of law and if after full hearing the court feels that they should both appear and testify and they refuse to do so, then to adjudge them in contempt of court. But that is because

of contempt of the court's order and not the order of an investigating board.

This court is not called upon to pass upon the merits of the investigation. There is no charge pending against respondents and as has been pointed out in a great many authorities there is a distinction between an investigation and a hearing.

A citizen under indictment is not compelled to testify against himself, and the three outstanding rulings in Pennsylvania which protect citizens from what they may regard as unwarranted searches are McNair's Petition, 324 Pa. 48; American Car & Foundry Co. v. Alexandria Water Co., 221 Pa. 529, and Annenberg et al. v. Roberts et al., 333 Pa. 203.

There is nothing to be gained by a lengthy discussion of criminal and civil contempts or the right of a deputy attorney general to issue a subpœna duces tecum in the name of the Attorney General himself. Suffice it to say that the only question that need be determined by this court is whether respondents are in contempt. Since it is horn book law that one court will not punish for contempt even of another court, it naturally follows that it will not punish for contempt of court of a body which is not judicial.

The rule is therefore discharged.