# Sill's Appeal.*

1. A testatrix bequeathed all her property, real and personal, after payment of debts, to trustees, to collect rents and dividends, and pay one-half thereof to her grand-daughter, for her separate use; and to divide the other half equally among the children of her said grand-daughter.

2. *Held :*—That the equitable title to one-half the property was vested in the grand-daughter; and that, upon her death, her husband was entitled to her share of the personalty absolutely, and of the realty for life.

APPEAL from the decree of the Orphans' Court of Philadelphia. Ann Dunkin died in 1832, leaving a will, by which, after ap-

* Reported as *Van Rensselaer* v. *Dunkin*.

[Sill's Appeal.]

pointing William Davidson and his son executors and trustees, she gave, devised and bequeathed to her "said executors, and the survivor of them, and to the heirs, executors and administrators of such survivor, all my estate, real, personal and mixed, in trust, after payment of my debts and funeral expenses, to receive and take all the rents and profits, dividends and income of every kind, which shall from time to time become due, and payable out of and upon the same, or which may arise therefrom in any manner. And I will that my said executors, or whoever shall, according to the above appointment, be trustees at any time or times, when any moneys shall have been received as aforesaid, shall divide the said moneys into two equal parts, and shall pay one of the said equal parts to my grand-daughter Ann, wife of John S. Van Rensselaer, now of the city of Albany, in New York, for her own sole and separate use, notwithstanding her coverture ; and her receipt therefor alone shall from time to time be a sufficient discharge therefor.

"And as to the remaining equal part of the said rents and income, I will that my said trustees or trustee divide and distribute the same equally to, and among the children of my said grand-daughter, Ann Van Rensselaer, who shall be living at the time when any such moneys shall have been received, and shall be divisible as above. And any child that my said grand-daughter may hereafter have, shall be entitled to an equal share with any one now living."

Ann Van Rensselaer died in 1845, leaving a husband, the said John S. Van Rensselaer, and several children. After the death of his wife, Mr. Van Rensselaer received from the trustees the one-half of the rents and profits, dividends and income without objection; and in 1853, filed a petition in the Orphans' Court, setting forth the facts at length, and praying that the then trustee might be decreed to pay, and transfer to him one-half of the personal estate of said Ann Dunkin, *absolutely*. Formal notice of this petition was given to the children of Mrs. Van Rensselaer, the receipt of which was acknowledged, and the acknowledgment filed. The trustee filed an answer, admitting the facts set forth in the petition, and expressing his readiness to abide by any decree that the court might make. The court decreed in conformity with the prayer of the petition. The appellant is one of the children of Mrs. Van Rensselaer.

*Dallas*, for appellant.

*S. C.* and *S. H. Perkins*, for appellees.

The opinion of the court was delivered by
LOWRIE, J.—The testatrix gives all the real and personal estate

[Ex Relatione Scott *v.* The Jailer.]

to her executors in trust, and of course she did not die intestate as to any part of it, and the word estate dispenses with the necessity of words of inheritance even without our Statute of Wills.

The trust is to pay the rents and profits to certain persons; and, since a gift of the rents and profits of a thing is equivalent to a gift of the thing itself, the executors hold the property itself for the beneficiaries, who are thus vested with the equitable title to it.

The rents and profits in the present case were to be divided, as received, into equal half parts, one of which was to be paid to Mrs. Van Rensselaer for her separate use, and the other to her children. It follows, then, that the equitable title to one-half of the property was vested in Mrs. Van Rensselaer, and to the other half in her children. And, since equitable estates descend with us in the same manner as legal estates, when Mrs. Van Rensselaer died, her husband became entitled to her portion of the trust estate, absolutely so far as it consisted of personal property, and, of course, to a life estate in her share of the real property.

If there were any doubt as to the inheritable quality of the trust estate, for want of words of inheritance in describing the beneficiaries, that could affect only the real estate. Suppose the doubt well founded, then the equitable devisees took but a life estate in the real property under the will, and Mrs. Van Rensselaer had the reversion as heir-at-law, and this view would only make the matters worse for her children, the other devisees. The true view of the case is the first above presented, and the decree below is in accordance with it. The case relates only to the personal property; but we have not distinguished it in our remarks, because the parties desired us not to do it.

Decree affirmed at the appellant's costs.