## Hommel *versus* Lewis.

104  465
111  493

1. Whether materials for which a mechanic's claim has been filed were furnished on the credit of the building or that of the contractor is a question for the jury.

2. It is not necessary for a material man to allege in his lien or to prove affirmatively that his materials were furnished upon the credit of the building, if it be shown that they were furnished for and entered into its construction. The burden is then on the defendant to show that they were furnished on the credit of the contractor alone.

3. The fact that the materials are charged on the plaintiff's books to the contractor alone affords some slight evidence that they were furnished on his credit, but is not prima facie evidence that his credit was relied on to the exclusion of the credit of the building.

4. The court need not answer specifically or read to the jury the points presented to it, if they are substantially negatived in the general charge, and the jury are told that all points not answered are refused.

5. Where the plaintiff dies during the pendency of a scire facias sur mechanic's claim, and his administrator is substituted, the contractor, being a defendant and a party in interest, is not a competent witness. Nor can the owner render his co-defendant, the contractor, competent by releasing him from liability for costs.

October 30th 1883. Before MERCUR, C. J., GORDON, PAXSON, STERRETT, GREEN and CLARK, JJ. TRUNKEY, J., absent.

ERROR to the Court of Common Pleas No. 2 of *Allegheny county* : Of October and November Term 1883, Nos. 99, 100 and 101.

These were three writs of scire facias sur apportioned mechanic's claim, by William M. Lewis against John G. Hommel owner, and John Fritz, contractor. Pleas : payment, nunquam indebitatus, and a special plea that the materials were not furnished on the credit of the building. The plaintiff died September 10th 1882, before trial, and Amos Lewis, the administrator of his estate, was substituted in his stead.

The three cases were tried together before KIRKPATRICK, J., when the following facts appeared : About June 1881 John Fritz, a contractor, bought the lumber for which the liens were filed, from William M. Lewis. This lumber was actually furnished for and was used in the construction of certain buildings which Fritz was erecting for Hommel. It was also proved that the amount of the claims was correct and that the prices charged for the lumber were reasonable and fair.

The defendant proved that on October 8th 1881 plaintiff had taken from Fritz, the contractor, a negotiable note for the balance except about $45 remaining due at the time. This note was discounted at the Allegheny National Bank, and, being un-

paid at maturity, was taken up by the plaintiff, who then filed these claims for $454 against the three houses. The materials embraced in the claims were charged on plaintiff's book against Fritz only, in his general account.

Defendant then offered to prove by Fritz, having first released him from all liability for costs arising from these cases, that the materials entering into the building against which this lien is filed were furnished upon his (Fritz's) individual credit, and not upon the credit of the building in this case.

Objected to, on the ground that Fritz was a party defendant and incompetent to testify in a suit by an administrator. Objection sustained. Exception. (Ninth and tenth assignments of error.)

The defendant requested the court to charge, inter alia:

1. The owner of a building, or rather the building itself, stands in the light of a surety for the contractor, and hence, if the jury believe that the plaintiff sold the materials in this case to Fritz, the contractor, upon a contract for cash or quarterly payments, and afterwards, without the consent of Hommel, the owner, or his knowledge, the plaintiff took Fritz's promissory note for the said materials and negotiated it, and thus extended the time of payment to Fritz, he thereby released the surety— to wit, the building and its owner—and he cannot here recover against the defendant, Hommel, the said owner.

2. That a material-man, in order to obtain a lien upon a building, must furnish the materials upon the credit of the building for which they were contracted, and the burden of proof is upon him to show that the materials were so furnished; and that in these cases, as the plaintiff, a material-man, has not established that the materials were furnished upon the credit of the defendant Hommel's building, he cannot sustain his claim for a lien thereon, and the jury must find in favor of the defendant, Hommel.

4. That entries made upon plaintiff's books of account, showing all the materials in these cases charged against John Fritz only, and upon an open account of long continuance in plaintiff's ledger, embracing many other purchases of materials by him, and with nothing to earmark or distinguish the materials in these cases as furnished upon the credit of Hommel's buildings, are prima facie evidence that said materials were furnished upon the personal credit of John Fritz, and unless controverted by other evidence, as between the plaintiff and defendant, Hommel, and his buildings, are conclusive against the plaintiff and in favor of the defendant, Hommel.

5. That under the evidence in this case the jury must find in favor of the defendant.

The court did not read these points to the jury nor answer

[Hommel *v.* Lewis.]

them except as indirectly by the general charge, and further instructed the jury that all points were refused which were not answered in the charge. (First, second, sixth and seventh assignments of error.)

The court further charged as follows:

"But it is claimed by Mr. Hommel, through his counsel, Mr. Pier, that this material was furnished upon the strength of Fritz alone. If you find this to be the fact (and that this is the fact it devolves upon Mr. Hommel to satisfy you in regard to), then of course there can be no recovery. If, when a contractor comes to a material-man and says to him: Now, I don't want you to charge this against this building, unless you cannot give the material on my own strength and your own knowledge of me, although it goes into the building. And the material-man says: I take you, I know you, you have been dealing here for years with me; I will not look to the building. Then, of course, there can be no recovery, because he sells the lumber on the faith of the contractor. But this must be established to your satisfaction. As I understand it, there is no question that the lumber went into this building." (Third assignment of error.)

"If you have the proper parties, if you have the proper description of the building, if the lien has been properly entered within the six months, and the jury are satisfied that the material went into the building and was used by it, I say to you that all the requirements of the law have been fulfilled ; and the plaintiff, if there is nothing else to prevent, is bound to recover. As it is unnecessary to assert in the lien, according to the statute, that it was done on the credit of the building, it follows as a matter of course that it is not necessary to prove it, and I so say to you." (Fifth assignment of error.)

"It would seem that some time within the six months, admittedly not beyond that period, in order to raise money, they being hard up went to Mr. Fritz (according to Mr. Morrow) and got from him a note for a certain amount, payable in three months; put it into the Allegheny National Bank, had it discounted, it was protested at maturity, and they had to lift it. Now, notwithstanding all this, if you can discover from the testimony that this was taken in payment, that would release Mr. Hommel, the defendant. But this, like the other defence that has been suggested, devolves upon defendant, Hommel, to show. He really is bound, and he must establish it to your satisfaction. The mere taking of the note is not enough. It does not prejudice Mr. Hommel. Had the money been paid, and this had passed to the credit of the contractor, it would have been to his benefit. He is not prejudiced in any way, because the time would expire inside of six months, and he had

[Hommel *v.* Lewis.]

abundance of time to take care of himself after that. The contractor was not bound to file his lien until the last day of the six months. It seems to be conceded here that this was within the six months, so that it does not prejudice Mr. Hommel. Had the note been paid, it would have been so much to his benefit. But if this note was taken in absolute payment and to release Mr. Hommel, there can be no recovery. That is for you. According to the testimony of Mr. Morrow, it was simply taken from this man on account, and there was no taking of it in satisfaction of this claim or any other; however, that is for you." (Eighth assignment of error.)

Verdict for the plaintiff for $161.54 in each case, and judgment thereon. Defendant took these writs, assigning for error the ruling of the court in excluding defendant Fritz's testimony, and the answers to points as contained in the general charge.

*William S. Pier*, for plaintiff in error.—The evidence of plaintiff's books alone, in the absence of countervailing proof, was sufficient to show that the materials were sold on the personal credit of the contractor : McMullin *v.* Gilbert, 2 Wharton 278 ; Wolf *v.* Batchelder, 6 P. F. S. 89 ; Young *v.* Chambers, 3 Harris 265 ; Church *v.* Davis, 9 Watts 304. If the book entries are competent to show that the subject of the credit was the building, they should be in like manner evidence that credit was given to the contractor alone : Church *v.* Allison, 10 Barr 413 ; McMullin *v.* Gilbert, supra. The plaintiff's right to recover rests not upon the fact that his materials went into the building, but upon his intent at the time that the materials should be so used : Hinchman *v.* Graham, 2 S. & R. 171 ; Odd Fellows' Hall *v.* Masser, 12 Harris 510. The building either stands as a surety for the contractor or else is a principal debtor. If it is a surety, the principle applies that the creditor releases a surety when he extends the time of payment to the principal debtor : Baylies on Sureties and Guarantors 240 ; Hill *v.* Witmer, 2 Phila. 72. If the building is or represents the principal debtor, then the creditor must make his election, he cannot pursue the contractor and the building together : Dickinson College *v.* Church, 1 W. & S. 462. In Van Billiard *v.* Nace, 1 Grant 235, the plea by confession and avoidance admitted the plaintiff's prima facie case. Here the general issue was pleaded, so that plaintiff must make out his whole case. Fritz, having been released from liability for costs, was competent by common law : Dickinson College *v.* Church, 1 W. & S. 465. In Spackman *v.* Caldwell, 3 Phila. 375, the apparently contradictory case of Haworth *v.* Wallace, 2 Harris 120, is distinguished.

[Hommel *v.* Lewis.]

*Harbison* (with whom was *Burleigh*), for defendant in error.—It is not denied that the materials were furnished for the construction of these buildings. It is not necessary that their sale and delivery be charged to them : Wolf *v.* Batchelder, 6 P. F. S. 89 ; Van Billiard *v.* Nace, 1 Grant 235. The burden is on defendant to show that they were not furnished on the credit of the building : Reinoehl *v.* Arentz, 1 Pearson 503. The taking of the note by the plaintiff gave rise to no implication that he granted an extension of time : Kinsley *v.* Buchanan, 5 Watts 119 ; Shaw *v.* Reformed Church, 3 Wright 226 ; Weakly *v.* Bell, 9 Watts 273 ; Murtland *v.* Taylor, 30 Pgh. Leg. Journal 118. Fritz was not a competent witness under the Act of 1869 : Haworth *v.* Wallace, 2 Harris 120 ; Karns *v.* Tanner, 16 P. F. S. 305.

Mr. Justice Green delivered the opinion of the court, January 7th 1884.

There was no question on the trial that the materials claimed were actually furnished for, and entered into the construction of, the building. This was averred in the claim of lien filed, and in the affidavit of claim, and was not denied in the affidavit of defence, and, by rule of court, this constitutes an admission of the material averments of fact. The learned judge of the court below charged the jury that, if the materials were furnished on the credit of the contractor, there could be no recovery, and left that question for them to determine, saying, that it rested upon the defendant to make that proof. He also told them that it was not necessary for the plaintiff either to allege in his lien, or to prove affirmatively, that the materials were furnished on the credit of the building ; that the statute conferring the lien made no such requirement. In all this there was no error. Of course, it must be true as a fact, that the materials were furnished on the credit of the building ; but when a plaintiff complies with all the provisions of the Act, he has done all that the law requires, and is entitled to recover, unless it has been shown that for some sufficient reason he is not so entitled. It was contended, on the part of the defendant, that the materials were charged to the contractor on the plaintiff's books, and that this was prima facie evidence, that they were sold on his credit only ; and further, that this presumption, unless controverted by other evidence, would become conclusive against the plaintiff, and prevent any recovery. The defendant's point, to this effect, was not answered specifically, but it was substantially negatived in the general charge, and, as we think, with entire correctness. If affirmed, it would result in this, that the mere circumstance that the materials were charged to the contractor, would itself create a presump-

[Hommel *v.* Lewis.]

tion, that they were furnished on his credit only, and that, unless that presumption were rebutted by affirmative proof to the contrary, it would become conclusive, and debar a recovery by the plaintiff. This is certainly not the law, and no authority has been cited which so decides. The proposition and the argument in support of it overlook entirely the effect of the facts, that the materials were furnished for the building, were delivered for the purpose of being used in its construction, and actually entered into and formed a part of its erection, and also that the material-man subsequently and within six months, filed of record a claim of lien against the building for the materials so used, and asserted therein that they were furnished on the credit of the building. These facts are not only evidence of an intent to charge the building, but they are so conclusive upon that subject that the statute declares that, the other formal requirements being complied with, they will confer a lien against the building and the ground upon which it stands, which may be enforced against the will of the owner. The statute does not require either that the materials shall be charged against the owner, or that the claim of lien shall assert that they were furnished on the credit of the building, or that affirmative proof shall be made that such was the fact. Of course if the articles were charged against the contractor alone, it is some evidence, though slight only, that they were furnished on his credit, and of this the defendant had the full benefit under the charge of the court, which left the whole question to the jury. Further than that it would not have been proper for the court to go upon this one feature of the case. No witness testified that the goods were sold to the contractor on his own credit alone. The fact that there were continuous dealings between the plaintiff and the contractor in the same line of goods was some evidence, which the defendant was permitted to use in support of his theory. The giving of a note was also allowed to be proved, though it was of no weight whatever, as it was not received as payment, and beyond this we can see nothing whatever in the case tending to establish the defendant's view.

The defendant was afforded by the charge a full opportunity to make the best use he could of the facts relied upon, with the jury, but he did not succeed in convincing them that the materials were furnished on the credit of the contractor alone, and the verdict was therefore against him. Certainly it would not have been proper for the court to say, as matter of law, that when the plaintiff had absolutely proved every fact which under the statute entitled him to recover, he was nevertheless prevented from recovering because he had not done something which neither the statute nor any decision required him to do, to wit, charge the goods on his books to the owner. In Wolf

[Hommel v. Lewis.]

v. Batchelder, 6 P. F. S. 87, STRONG, J., said on p. 88 : " It is not by statute made necessary that the sale and delivery of materials should be charged in a book of original entries. Any evidence that satisfies a jury they were furnished for or about the construction of the building is sufficient. To the inquiry whether there is a lien or not it cannot therefore be essential in what manner the sale and delivery of the materials were charged at all." Again : " It has been decided that the charges may be made against the contractor without any reference to the owner or to the building : Church v. Allison, 10 Barr 413 ; though in such a case there must undoubtedly be other proof that the materials were furnished for the building." In the present case it was alleged in the lien filed, and in the affidavit of claim, that the materials were furnished for the building and were used in the construction thereof, and of this fact there was no denial. Under the rule of court this absence of denial was an admission of the fact that the materials were so furnished and used, and no further evidence on that subject was necessary. From these facts the inference arises that the materials were furnished on the credit of the building, because by the express provisions of the statute a lien is conferred by the mere furnishing of materials " for or about the erection or construction of the same." Of course, this inference or presumption may be rebutted by proof that in point of fact they were not furnished on the credit of the building, as was also pointed out by Judge STRONG in the opinion above quoted. Thus, on p. 89 he says : " The jury were instructed to find from this evidence whether the materials went into the building, and whether they were furnished on the credit of the building. They were told it was unimportant in what mode the books were kept ; that the material-man had a right to say that he had furnished the materials on the credit of the building (even though no reference was made to the building in his books), unless he had agreed not to do so, or had been forbidden to do so by the owner. They were still to determine from the evidence whether the plaintiff had been so forbidden, or had so agreed, or whether with or without any understanding he did furnish the materials charged for, on the credit or security of the building. In this we see nothing of which the defendant can rightfully complain." This reasoning disposes of the present case. There was no testimony whatever that the plaintiff had been forbidden by the owner to furnish the materials on the credit of the building, or that he had agreed not to do so. The circumstance that the goods were charged to the contractor, although it has some significance, is not at all sufficient to outweigh the statutory presumption that they were furnished on the credit of the building, because they were

furnished " for or about the construction of the same," and hence the jury were warranted in finding for the plaintiff on this branch of the case. In Van Billiard's Admin. *v*. Nace, 1 Grant 235, it was expressly decided that it was not necessary to prove that the sale was made on the credit of the building.

These considerations determine the first six assignments of error. As to the seventh and eighth it is only necessary to say that it was proved by the defendant's own testimony that the note in question was not taken in payment of any part of this debt, and hence it was of no consequence in the case. The ninth and tenth assignments relate to the exclusion of the contractor as a witness. As he was a defendant and the plaintiff was an administrator, the Act of 1869 had no application, and Hommel's release of costs to Fritz was no better than waste paper to render him competent.

Judgment affirmed.