| 172 | 609 |
|---|---|
| 25 SC [2] | 73 |
| 172 | 609 |
| 217 | 368 |

N. Green & Company, Limited, *v.* John Thompson, James M. Nevin, Owners or Reputed Owners, and John A. Wood, Contractor, Appellants.

*Mechanics' liens—Building contract—Evidence—Stipulations against liens.*

Where a contractor builds two blocks of houses under two separate contracts, the first of which contains a stipulation against liens, and the second does not, and a mechanic's lien is filed by a material man against the houses built under the second contract, the court will not construe the stipulation against liens in the first contract where there is no evidence whatever to show that the provisions of the first contract against liens were extended to, and governed the second contract.

*Mechanics' liens—Material—Presumption—Evidence.*

Where the plaintiff in a mechanic's lien case has complied with all the provisions of the statute relating to the lien which he claims, it is presumed that the materials were furnished, or the work was done on the credit of the building, and the burden is upon the defendants to show that this was not the case.

Evidence that the material was nòt used in the buildings, and that it was charged to the contractor, is properly admissible to overcome the presumption that the material was furnished on the credit of the building.

*Practice, S. C.—Assignment of error—Exception—Evidence.*

An assignment of error to the admission of papers will not be considered where the record shows that there was no exception taken, bill sealed, or objection made to the admission of the evidence at the trial.

Argued Oct. 29, 1895.   Appeal, No. 96, Oct. T., 1895, by defendants, from judgment of C. P. No. 1, Allegheny Co., June T., 1894, No. 724, on verdict for plaintiff.   Before STERRETT, C. J., GREEN, WILLIAMS, MCCOLLUM, MITCHELL, DEAN and FELL, JJ.   Reversed.

Scire facias sur mechanic's lien.   Before STOWE, P. J.

At the trial it appeared that the lien was filed against five houses for material furnished.   The agreement without date known as Exhibit B. under which the buildings were built was as follows :

John A. Wood agrees to build for Thompson and Nevin five (5) houses on lots 21, 22, 23 and 24 Dickson Plan, 13th ward, Pittsburg, exactly like twelve houses built for Jas. L. DeLong on south side of Ann street, Reynoldton, by said Wood under agreement dated June 4, 1892, except the cellars are to extend out under porches, and wall to be of terra cotta instead of stone, for sum of four thousand dollars, ($4,000) payments to be made same as DeLong houses, except first payment is to be $250 more, second payment $250 less, third payment $250 more, and fourth payment $250 less, otherwise same as De-Long's payments.

[SIGNED]               JOHN A. WOOD.
                              THOMPSON & NEVIN.
                                  per Nevin.

Another agreement dated February 13, 1893, between John A. Wood and James A. Nevin provided for the erection of another block of five houses on lots 33, 34, 35, 36 and 37 in Dickson's plan. The latter agreement contained a stipulation that the buildings "shall be finished and turned over by the contractor to the owner, on completion, free and clear of all liens and incumbrances for work done or material furnished by any person or persons whatsoever on and for said building."

There was no evidence to show that the stipulation against liens contained in contract A had been extended to contract B.

The court excluded the contract between Wood and Nevin known as contract A. [2]

The court sustained the objection to the following question asked of J. M. Nevin: What, if any, settlement have you made with the contractor in this case. *Answer:* Objection sustained and bill sealed for the defendants. [3]

The court sustained the objection to the following question asked of John A. Wood: Into what houses did this lumber and material go. *Answer:* Objection sustained and bill sealed for the defendants. [4]

The court sustained the objection to the following question asked of John A. Wood: When was the first intimation that you got that there would be mechanics' liens filed in this case. *Answer:* Objection sustained and bill sealed for the defendants. [5]

The court sustained the objection to the following question asked of John A. Wood: Are what are known as the Cobb alley houses included in this lien. *Answer:* Objection sustained and bill sealed for the defendants. [6]

The court gave the jury binding instructions for the plaintiff. [7]

Verdict and judgment for plaintiff for $213.63. Defendants appealed.

*Errors assigned* were, (1) in admitting the affidavit of claim, mechanic's lien and bill of particulars; (2) in excluding contract as above; (3–6) exclusion of testimony as above, quoting bill of exceptions; (7) in giving binding instructions for plaintiff.

*H. L. Castle, James M. Nevin* with him, for appellants.—A reference to the pleading will show that every material allegation of the affidavit of claim is expressly denied by the affidavit of defense, and therefore the burden of proof to make a case was certainly upon the plaintiff.

The gist of our mechanic's lien rights is that the lumber is furnished to and upon the faith of a building, and we certainly had the right to show, if we could, that this was not a fact as to the material sued for.

*John S. Lambie, A. M. Brown* with him, for appellee.—It is not necessary for the plaintiff to allege or prove affirmatively that the goods were furnished on the faith and credit of the buildings. The burden of proof was upon the defendants: Noar v. Gill, 111 Pa. 488; Hommell v. Lewis, 104 Pa. 465.

A material man is entitled to a lien for lumber contracted for on the faith and credit of a building, and delivered at or near the same, at a place pointed out by the contracting party, although not actually used in the building: Wallace v. Melchoir, 2 Browne, 104: Croskey v. Coryell, 2 Whart. 223; Presbyterian Church v. Allison, 10 Pa. 413; Odd Fellows Hall v. Masser, 24 Pa. 507; Singerly v. Doerr, 62 Pa. 9; Hinchman v. Graham, 2 S. & R. 170; White v. Miller, 18 Pa. 52.

The two contracts were clearly separate and distinct, as much so as if the parties making the one had no knowledge of the existence of the other. Not only so, but they appear to be between different parties.

OPINION BY MR. JUSTICE McCOLLUM, January 6, 1896:

The buildings against which the claim in suit was filed were "constructed under the contract designated as exhibit B," and there is nothing in it to suggest that it is subject to or in any manner qualified by the contract of February 13, designated as exhibit "A," nor is there anything in the latter from which it can be inferred that any provision of it is applicable to the former. The defendants have not printed in their paperbook any evidence which tends to show that there was a parol agreement modifying the contract under which the buildings liened were erected, nor is there an intimation in their printed argument that such an agreement was made. It is useless to

inquire whether contract " A " contains a stipulation against
liens, until it is shown that its provisions extend to, and govern
the construction of contract " B." We cannot say therefore
that the court erred in the ruling complained of in the second
specification, and as the defendants admit that the third specifi-
cation must stand or fall with the second, the third need not be
discussed or considered.

Under section 1 of rule 8 of the courts of common pleas of
Allegheny county, the defendants were bound to file their
answer to the plaintiff's claim, and such items of the claim and
material averments of fact as were not directly and specifically
denied by them must be taken as admitted. An examination
of the claim and the answer shows that the only averment of
fact in the former which is denied in the latter is that the lum-
ber was furnished on the faith and credit of the buildings re-
ferred to therein. Where the plaintiff in a mechanic's lien
case has complied with all the provisions of the statute relating
to the lien he claims, it is presumed that the materials were fur-
nished, or the work was done, on the credit of the buildings :
Hommel v. Lewis, 104 Pa. 465, and Noar v. Gill, 111 Pa. 488.
This is a rebuttable presumption, but it casts on the defendants
the burden of showing that it is not in accordance with the fact.
In this case, therefore, in the only issue of fact made by the
claim and answer, the burden was on the defendants, and in the
discharge of that burden they should have been allowed to show
any fact or circumstance tending to negative the presumption.
That the lumber charged in the bill of particulars did not go
into any of the buildings mentioned in the claim was such a
fact or circumstance, and the defendants should have been per-
mitted to prove it if they were able to do so. As we under-
stand their contention the purpose of the question to which
their fourth specification relates was to show that the lumber
charged as above stated was not used in the construction of the
buildings included in the claim. We think therefore that the
court erred in rejecting the question.

The statement of the account under date of September 27,
1893, and designated in defendants' paper-book as exhibit " 2 "
shows that the lumber was charged by the plaintiff to the con-
tractor. This was a circumstance affording some support to
the defendant's claim that the lumber was not sold on the credit

of the buildings: Hommel v. Lewis, supra.    That the lumber was not used in the buildings, and that it was charged to the contractor were matters proper to be shown to and considered by the jury on the issue of fact made by the claim and answer.

We do not discover any error in the rulings complained of in the 5th and 6th specifications, and it does not appear in the 1st that there was any exception taken, bill sealed, or objection made to the admission of the papers mentioned in it.    In accordance with the foregoing view we sustain the 4th and 7th specifications and overrule the 1st, 2d, 3d, 5th and 6th.

Judgment reversed and venire facias de novo awarded.