James Crawford *v.* Edward Wittish and John Graebing, Jr., partners, doing business as Wittish & Graebing, Appellants.

*Practice—Superior Court—Appeals—Charge of the court—Absence of points.*

Where a charge, in its general terms, was well adapted to the issues raised, and where the contention is unwarranted that only one side was presented, it is too late to complain, on appeal, of one omission in the charge concerning particular phases of the evidence, when no points were presented calling for specific instructions or asking the court to rule upon the testimony as a whole.

Argued April 12, 1897. Appeal, No. 4, April T., 1897, by defendants, from judgment of C. P. No. 1, Allegheny Co., March T., 1893, No. 512, on verdict for plaintiff. Before Rice, P. J., Willard, Wickham, Beaver, Reeder, Orlady and Smith, JJ. Affirmed.

Assumpsit to recover money due under alleged parol contract. Before Stowe, P. J.

It appears from the evidence that the plaintiff brought action to recover the sum of $507.42 with interest from February 1, 1889, upon an alleged parol agreement between him and defendants by which, in consideration of the services of the plaintiff in having defendants employed as real estate brokers in the sale of certain real estate, and in consideration of the assistance of the plaintiff in the sale of said property, the said defendants were to pay plaintiff one third of a commission of 2%. The alleged agreement purported to be made between plaintiff and Wittish and the partnership was alleged between Wittish and Graebing. Both the agreement and the partnership were denied by Wittish and Graebing.

The court left the question to the jury whether there was a partnership and whether there was any agreement, in an oral charge which is the subject of the defendants' assignment of error.

Verdict and judgment for plaintiff for $428.04. Defendants appealed.

*Error assigned* was the following charge by STOWE, P. J.

" The first question is, were these parties engaged in a general partnership? If they were, of course Graebing would be bound by the arrangement made by Wittish; and if one made a contract in relation to this sale involving the payment to the plaintiff of a one per cent commission the other would be bound by it, although he may have had no actual knowledge of it. But I presume you will have no trouble in coming to the conclusion that there was no general partnership between these parties; there is nothing to indicate that there was, except this declaration of Wittish at the time the thing was first talked about, that he was a partner, but that would be entirely consistent with his being a partner in separate transactions. He swears there was no general partnership, and Graebing swears there was no general partnership. You will perhaps come to the conclusion that there was no general partnership. If not, then the question is, was there a partnership or an understanding between them that they were to participate in this particular transaction? If there was, then they are just as much bound, the one by what the other said, and did, as if they were general partners.

" Now, we have, according to the testimony, that Wittish said Graebing was his partner when this was first talked about. That would not bind Graebing, because no man can make another his partner by his own declarations. If I would say one of you gentlemen was a partner of mine, it might bind me, it would not hold you. If that was the law any man could make another man his partner by saying so. But that having been said at the time, Mr. Crawford was given to understand that that was the arrangement between Wittish and Graebing, and Graebing having knowledge by participating in this transaction, and knowing that he was to be recognized as one of the parties in interest entitled to a commission in case this property was sold, if he subsequently went on and sold the property then they would be, in this particular transaction, partners, and they both together would be held liable for the arrangement that Wittish made in the first place.

" But we must be careful to note that this property was put in the hands of Wittish—we may say, if you choose, Wittish and Graebing—to make the case as strong as possible. When it

was taken out of their hands that terminated the transaction, and from that time on, without there was a renewal of this arrangement, neither Crawford nor Wittish nor Graebing had any claim upon anybody for commission, even if they went on and sold it afterwards, so far as the original contract was concerned. It was taken out of their hands; it was put in the hands of another agent. He failed to sell it, and now we come directly to the gist of this case.

"Mr. Hendrie came in contact with Mr. Graebing. He made an arrangement for the sale of this property with Mr. Graebing. Now, the entire question there is, was Mr. Wittish interested in that transaction as between themselves, or had his connection with the whole thing terminated at the time that their right to sell the property expired under the first arrangement? Well, you heard what has been said upon the subject. Graebing says Mr. Wittish had not anything to do with it. Mr. Hendrie has no personal knowledge of Wittish's connection with it. But that has nothing to do with the liability of the defendants to the plaintiff, whether Mr. Hendrie knew it or not. The simple question is, what was the understanding between Graebing and Wittish at that time? Were they operating together? Did they go on in view of that original arrangement, by which Crawford was to have a one per cent commission, and did Graebing, in view of the authority given to him as being connected under the first arrangement with Wittish, sell the property? If so, the plaintiff is entitled to his one per cent commission, just as much as if he had dealt directly with Wittish.

"That covers the whole question. The first arrangement having been off, as it was entirely, does the evidence satisfy you that when the arrangement was subsequently made by which Graebing was employed by Mr. Hendrie to sell this property, Wittish (whether known or not to Hendrie), was a partner or interested in that transaction, and it was carried on in view of the original contract with Wittish and Crawford, by which Crawford was to have a one per cent commission? If the evidence leads you to that conclusion—and it is a matter entirely for yourselves—you ought to find a verdict for the plaintiff for the amount of his claim. If it does not satisfy you fairly and reasonably that such was the understanding and arrangement between the parties, the defendants are entitled to your verdict." .

*J. S. Ferguson*, with him *E. G. Ferguson* and *J. M. Friedman*, for appellants.—" It is error to confine the jury to one view of the case where there is more than one which they should consider.   So if the general effect of the charge has a tendency to mislead, it is cause for a reversal, though no particular portion of the charge be clearly erroneous: " Peirson v. Duncan, 162 Pa. 187.   The vice of the charge complained of in this case lies in the fact that no sufficient emphasis was put upon the undisputed evidence in the case that Graebing had never become a party to the sale of the property at the time that Wittish was connected with it.   It was only after Wittish had failed, and only after Drape had failed, and only after Graebing had personally solicited Hendrie, the executor, to make an arrangement with him to pay him commissions, that Graebing had anything whatever to do with it.

*John S. Robb*, for appellee.

OPINION .BY SMITH, J., May 3, 1897:

The controversy in this case involved questions of fact which were determined by the jury in favor of the plaintiff.   Whether the defendants were partners in effecting certain sales of real estate owned by the heirs of John Birmingham, deceased, and, if so, whether they had entered into an agreement with the plaintiff whereby he became entitled to one third of the commissions accruing from these sales, were essentially questions of fact for the jury, and were submitted by the learned trial judge in a careful charge that covered in a general way the important aspects of the case, without special requests by either party.   In the absence of points calling for specific instructions, or asking the court to rule upon the effect of the whole testimony, it is now too late to complain of any omission in the charge concerning particular phases of the evidence.

The plaintiff testified that Wittish, representing himself as a partner of Graebing, agreed that the plaintiff should have for his services one third of the commissions coming to the defendants from the sales of the Birmingham lands.   He also referred to subsequent interviews with the defendants respecting the property, and the services which he claimed to have rendered the defendants in the project.   He was corroborated as to the exist-

ence of the partnership by Mr. Hendrie, the executor of the Birmingham estate, who, at the plaintiff's request, had placed the property in charge of the defendants for sale. Mr. Hendrie testified that each of the defendants sold parts of the property, and that in January, when he paid Graebing $500 on account of commissions, the latter said he would withhold Wittish's share until he accounted for money received by him in another joint transaction. He further testified that Graebing also then said "if Wittish should ask anything about the commissions, just tell him the commissions will be settled at the first of April." This testimony of Mr. Hendrie is not contradicted by either of the defendants, although both of them were sworn as witnesses and denied that they had made any agreement with the plaintiff as he alleged.

With this conflicting testimony it would have been error on the part of the trial judge to withdraw the case from the jury. Viewing the evidence as a whole, the contention that the plaintiff's side only was presented is unwarranted. Although the charge was general in terms, it was well adapted to the issues raised, without special reference to the testimony of either side.

There is no error disclosed by the record, and the judgment is therefore affirmed.