Edward Dougherty *v.* Libertina J. Loebelenz, owner or reputed owner, and H. Cole and A. Loebelenz, Contractors, Appellants.

*Mechanic's lien—Charge of court—Absence of special request to charge.*

In a civil case where no request is made the mere omission to charge upon a particular point is not ground of error.

The defendant having introduced no evidence to rebut the presumption that goods for which a lien had been filed were furnished on the credit of the building it would have been manifestly improper for the trial judge to have called upon the jury to consider the question even had he been requested so to do by defendant.

*Mechanic's lien—Credit of building—Burden of proof.*

It is not necessary for a material man to allege in his claim, nor to prove affirmatively, that his materials were furnished upon the credit of the building, if it be shown that they were furnished for and entered into its construction. Furnishing the materials for the construction of the building is all that is requisite to create a statutory lien.

Argued Oct. 6, 1898. Appeal, No. 53, Oct. T., 1898, by defendants, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1895, No. 708, M. L. D. on verdict for plaintiff. Before RICE, P. J., REEDER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Sci. fa. sur mechanic's lien. Before ARNOLD, P. J.

It appears from the record that a sci. fa. sur claim was issued in response to which an affidavit of defense was filed setting forth, inter alia, the defective quality of bricks furnished and that they were less in number than set forth in said claim, and that said bricks so furnished would not stand exposure to the atmosphere, contrary to the contract, whereby the value of the said building was greatly lessened, and also that a portion of the claim had been paid on account.

Verdict and judgment for plaintiff for $193.31. Defendants appealed.

*Errors assigned* were (1) failure to give binding instructions in favor of defendant. (2) In the charge of the court in failing to instruct the jury that if the testimony showed that the

materials were not furnished on the credit of the building no recovery could be had by the plaintiff. (3) In charging the jury as follows: "The question here is whether the plaintiff furnished the character of bricks which he agreed to furnish." (4) In charging the jury as follows: "If you are of the opinion that the walls are defective by reason of bad bricks furnished by the plaintiff and charged for by him, and that the fault is his fault, if there is a fault, and not the fault of the bricklayers in making a bad selection of them, and it would cost $100 to remedy the defect, you may rebate the plaintiff's claim to that extent; or if you are of opinion that the plaintiff has furnished such bricks as he agreed to furnish, and the defect in the walls, if there be a defect, has been caused by the bricklayers using the wrong bricks in the outside of the wall, or by the use of some old bricks which they had on hand, then, of course, the plaintiff is not chargeable with that, and he is entitled to receive the amount of his bill in this case. That is all there is in it."

*J. H. Brinton*, for appellants.—A complete defense is established where it is shown that the work was done on the personal credit of the defendant, and not upon the credit of the building against which the lien was filed: Shriver v. Birchall, 2 W. N. C. 172; Barclay v. Wainwright, 5 W. N. C. 162; Singerly v. Doerr, 62 Pa. 9; Hills v. Elliott, 16 S. & R. 56; Noar v. Gill, 111 Pa. 488; Green v. Thompson, 172 Pa. 609.

*C. J. Sharkey*, with him *F. P. Buckley*, for appellee.—Where a charge was well adapted to the issue raised, it is too late to complain on appeal of one omission concerning particular phases of the evidence when no points were presented asking for specific instructions: Crawford v. Wittish, 4 Pa. Superior Ct. 585; Curtin v. Gephart, 175 Pa. 417.

Where the plaintiff in a mechanic's lien has complied with all the provisions of the statute, it is presumed that the materials were furnished or that the work was done on the credit of the building: Hommel v. Lewis, 104 Pa. 465; Noar v. Gill, 111 Pa. 488; Wethered v. Garrett, 140 Pa. 224; Green v. Thompson, 172 Pa. 609.

In the case at bar the question as to whether the material

was or not furnished on the credit of the building was not raised by the pleadings or defendants' testimony, as in Hommel v. Lewis, and Wethered v. Garrett, supra.

OPINION BY W. D. PORTER, J., January 18, 1899:

The record in this case shows that the only exception taken in the court below was to the action of the court in overruling a motion for nonsuit, which action was not a subject for exception. The plaintiff having filed his mechanic's lien in due form issued a scire facias thereon, the defendant filed an affidavit of defense, in which the only grounds of defense alleged were as to the quantity and quality of the material which went into the building, and that a part of the claim had been paid. The pleas were nil debet, set-off and payment. At the trial the only evidence offered by defendant was confined to the quality of the bricks which the plaintiff had furnished, and which actually went into the building. The defendant endeavored to show that the bricks furnished by the plaintiff, and used in the construction of the building, were so soft and defective that it would be necessary to remove many of them from the walls and replace them with hard bricks, and that, as a consequence, the building had been damaged. The only question of fact which the jury was called to pass upon was the value of the bricks used in the construction, and what, if any, damage the defendant suffered as a consequence of defective material. In an exceedingly clear charge, the learned judge who tried the cause fully commented upon the law applicable to every question upon which the jury had to pass under the evidence. The defendants were so well satisfied with the charge that they did not take even a formal exception, and made no request that the charge be filed of record. The jury having found against the defendants, they have appealed to this court, and while there are four assignments of error, they are all based upon one alleged error, viz: "That the learned court erred in failing to instruct the jury that if the evidence produced indicated that the materials were not furnished on the credit of the building, no recovery could be had by the plaintiff." This is simply a complaint that the charge was inadequate. If the defendants, at the time, thought that the question whether or not the materials had been furnished on the credit of the build-

ing could be raised under the evidence, it was their right to embody their view of the inferences deducible from the evidence in a request for instructions and submit the same to the court. That was not done, and the defendants are therefore in no position to complain of the learned judge for not doing that which he was not requested to do. It is now too late to complain of any omission in the charge concerning particular phases of the evidence: Curtin v. Gephart, 175 Pa. 417; Crawford v. Wittish, 4 Pa. Superior Ct. 585. When in a civil case no request is made, the mere omission to charge upon a particular point is not ground of error: Philadelphia & Reading R. R. Co. v. Getz, 113 Pa. 214. In the present case the learned judge who tried the case was manifestly right in refraining from charging the jury upon a matter which, under the evidence, they ought not to have been called upon to consider. It is not necessary for a materialman to allege in his claim, nor to prove affirmatively, that his materials were furnished upon the credit of the building, if it be shown that they were furnished for and entered into its construction. The burden is then on the defendant to show that they were furnished on the credit of the contractor alone. Furnishing the materials for the construction of the building is all that is requisite to create the statutory lien. But the creditor may have done some act which bars his right, as the giving of sole credit to the contractor, or agreeing with the owner to waive the security of the lien, and if such a fact is indicated by the evidence which plaintiff produces in support of his right to a lien, the effect of such testimony against his right is the same as if it had been adduced by the defendant: Hommel v. Lewis, 104 Pa. 465; Noar v. Gill, 111 Pa. 488.

In the case in hand there is no question that the plaintiff did furnish the materials for the construction of this building, intending that they should be used in said building, and that they were so used. This made out for plaintiff a prima facie right to a lien, and put upon defendant the burden of showing that the materials were not furnished on the credit of the building. Upon that point the defendant presented no evidence, but now contends that the testimony of the plaintiff indicated that the materials were not furnished on the credit of the building. We have carefully considered the testimony of the plaintiff, and

find in it nothing which can fairly be said cast a doubt upon his right to a lien.   When Cole, the contractor, called upon plaintiff in reference to purchasing bricks for the building, plaintiff told him that he could not sell him the bricks until he went up and saw some of the Loebelenzes.   Plaintiff went and saw the husband of the owner, who is clearly established to have been her agent in the erection of the building, and told him that Cole had been to see him about buying bricks for the building. The owner's agent said : " You furnish the bricks, and we will see that you get your money."   Plaintiff then delivered the bricks to Cole at the building, and Cole paid during the deliveries $103 on account.   Plaintiff kept no books, but tickets were sent with each cartload of bricks, one ticket being left at the building and a duplicate, after being receipted by some person in charge at the building, was returned to the brick works.   From these tickets the bills were made.   After the deliveries had been completed the plaintiff took his bill, together with the tickets, to the owner and submitted them to her.   She approved them, paid $100 on account, and promised to pay the balance as soon as she could get the building measured. Plaintiff testified that he depended altogether upon receiving his money through the owner.   How the defendant can find any comfort in this testimony is more than we can understand.

Plaintiff refused to sell to the contractor upon his individual credit, he never agreed with the owner to waive his right of lien, and promptly after completing his deliveries to the contractor at the building, he made known to the owner the amount of his claim.

In view of the facts that the undisputed evidence gave the plaintiff a prima facie case upon the point now raised, that his testimony contained nothing which impaired that case, and that defendant made no offer of evidence upon the subject, we find no error in the charge of the court.

Judgment affirmed.