## Rider-Ericsson Engine Company, Appellant, *v.* Fredericks.

*Mechanic's lien—Evidence—Presumption—Burden of proof—Case for jury —Credit of building or contractor.*

When the claimant in a mechanic's lien has complied with all the provisions of the statute, it is presumed that the materials were furnished or the work was done on the credit of the building. This is a rebuttable presumption, but the general rule is that the burden of showing that it is not in accordance with the fact is cast on the defendant. But while the claimant may rest his case upon proof that the materials were furnished for and entered into the construction of the building, yet if he goes further and undertakes to establish by evidence upon whose or what credit the materials were furnished, and in the presentation of his case develops facts, which, taken in connection with the defendant's evidence, are sufficient to sustain a finding that the materials were furnished on the exclusive credit of the contractor or other person to whom he sold them, it is the duty of the court to submit the question to the jury.

*Appeals—Assignments of error—Charge—Detached portion of charge.*

Where special instructions were not asked for at the trial, and particular error of law or material misstatement of the evidence cannot be pointed out, the court will be reviewed on the general effect of the charge, and not upon sentences or paragraphs disconnected from the context which qualifies and explains them ; if, as a whole, the charge was calculated to mislead there is error in the record, if not, there is none.

Argued March 9, 1904. Appeal, No. 22, Feb. T., 1904, by plaintiff, from judgment of C. P. Sullivan Co., May T., 1901, No. 40, on verdict for defendant in case of Rider-Ericsson Engine Co. v. John T. Fredericks et al., Executors of Henry Brown, Owner, and W. McConnell, Contractor. Before RICE,

P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Scire facias sur mechanic's lien.    Before DUNHAM, P. J.
The opinion of the Superior Court states the case.
Verdict and judgment for defendant.    Plaintiff appealed.

*Errors assigned* were various portions of the charge and answers to points.

*Thomas M. B. Hicks* and *E. J. Mullen,* for appellant.

*J. T. Fredericks,* with him *J. T. Ingham,* for appellee.

PER CURIAM, April 18, 1904:

When the claimant in a mechanic's lien has complied with all the provisions of the statute it is presumed that the materials were furnished or the work was done, on the credit of the building.    This is a rebuttable presumption, but the general rule is that the burden of showing that it is not in accordance with the fact is cast on the defendant: Green v. Thompson, 172 Pa. 609; Dougherty v. Loebelenz, 9 Pa. Superior Ct. 344. But while the claimant may rest his case upon proof that the materials were furnished for and entered into the construction of the building, yet if he goes further and undertakes to establish by evidence upon whose or what credit the materials were furnished, and in the presentation of his case develops facts, which, taken in connection with the defendant's evidence, are sufficient to sustain a finding that the materials were furnished on the exclusive credit of the contractor or other person to whom he sold them, it is the duty of the court to submit the question to the jury.    After a perusal of the correspondence between the plaintiff and McConnell and the testimony introduced by the defendant, especially that of E. S. Chase, we think it would not have been error for the learned judge to refuse to give binding instructions for the plaintiff, even though such instructions had been requested, and it is to be observed that no such request was made.    We have not deemed it necessary to discuss the plaintiff's oral testimony; for even though this be sufficient if believed to sus-

tain a finding of fact that the pump and engine were furnished upon the credit of the building which was subsequently erected to protect them from the weather, the case would still be for the jury.

Where special instructions were not asked for and particular error of law or material misstatement of th evidence cannot be pointed out, the court will be reviewed on the general effect of the charge, and not upon sentences or paragraphs disconnected from the context which qualifies and explains them; if, as a whole, the charge was calculated to mislead there is error in the record; if not, there is none. Applying this well settled rule we are unanimous in the conclusion that the complaint that the charge as a whole was inadequate and misleading is not well founded. Under all the evidence the court committed no error in submitting the case to the jury or in the manner of its submission. This conclusion renders it unnecessary to discuss the question reserved.

Judgment affirmed.