Scott Manufacturing Company *v.* Morgan, Appellant.

217    367|
223    ²308|

*Mechanic's lien—Materials—Sale on personal credit—Waiver.*

While it is true that a creditor may have more than one lien for the same debt yet a sale of materials on personal credit, either of the owner or the contractor, is some evidence at least of a waiver of the lien under the mechanic's lien law, and raises a question of fact for a jury.

*Affidavit of defense—Practice, C. P.—Promissory note—Impounding note.*

Where in an action for goods sold and delivered an affidavit of defense avers that notes had been given for the goods, and were in the hands of innocent holders for value, and at a hearing on a rule for judgment for want of a sufficient affidavit of defense plaintiff's counsel produces the notes in open court, to show that they were still in the hands of the plaintiff, the court has no power to impound the notes, and make absolute the rule for judgment. Such action involves going outside of the record in an inquiry into the facts at a stage of the case where such an inquiry is not permissible.

Argued Feb. 4, 1907. Appeal, No. 394, Jan. T., 1906, by defendant, from judgment of C. P. Montgomery Co., June T., 1906, No. 53, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Scott Manufacturing Company v. George C. Morgan. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and STEWART, JJ. Reversed.

Scire facias sur mechanic's lien.
Rule for judgment for want of a sufficient affidavit of defense.
The opinion of the Supreme Court states the case.

*Error assigned* was the order of the court.

*R. W. Woods,* with him *Wm. F. Dannehower,* for appellant.

*Gilbert Rodman Fox,* with him *M. M. Gibson* and *N. H. Larzelere,* for appellee. ·

PER CURIAM, April 1, 1907 :

This was not a case for a summary judgment. As said by the learned judge below " the defenses set up are numerous and somewhat confused," but it is by no means clear that several of them do not raise questions of fact as well as law that require a jury ; as, for example, whether the machinery in question is a proper subject of mechanic's lien, and whether it was furnished on the credit of the building or on the personal credit of the purchaser. While it is true, as the court remarked, that a creditor may have more than one lien for the same debt yet a sale of materials on personal credit, either of the owner or the contractor, is some evidence at least of a waiver of the lien under the mechanic's lien law, and raises a question of fact for a jury : Presbyterian Church v. Allison, 10 Pa. 413 ; Barclay v. Wainwright, 86 Pa. 191 ; Hommel v. Lewis, 104 Pa. 465 ; Green v. Thompson, 172 Pa. 609.

But we need not consider any of these matters in detail now, as there is one defect fatal to the judgment. The defendant paid for the machinery (whether absolutely or conditionally being in dispute) by negotiable notes, and the affidavit sets out that these notes, in violation of the agreement, have passed to bona fide holders for value. On this point the learned judge below said, " the counsel for plaintiff produced the notes at bar as evidence that they were still in the hands of the plaintiff. If these notes are deposited with the prothonotary before any execution process issues on the judgment that is hereby allowed to be entered, the defendant will be fully protected. The court can then control the use of the notes so that they may not be used to the prejudice of the defendant, and at the same time the court can make any subsequent order in reference to the notes that justice and equity may demand." This, however, was going outside of the record in an inquiry into the facts at a stage of the case where such inquiry was not permissible. For purpose of judgment the affidavit must be accepted as verity : Columbia Nat. Bank v. Dunn, 207 Pa. 548.

Judgment reversed and procedendo awarded.