## Architekton, Inc. v. Southeastern Pennsylvania Synod of The Lutheran Church

*Richard S. Kempes,* for plaintiff.
*Joseph F. Flanagan,* for defendants.

DALESSANDRO, *J.,* September 2, 1977—

### NATURE OF PROCEEDINGS

This matter is before the court on defendant's, Southeastern Pennsylvania Synod of the Lutheran Church in America (Synod), preliminary objections to the mechanics' lien claim filed against it by plaintiff, Architekton, Inc. (Architekton). Although not designated as such, since the four-count objections attack the validity of the mechanics' lien claim, the preliminary objections will be treated as a motion to strike the claim, which was requested in the prayer for relief.

## HISTORY AND FACTS

On September 3, 1976, Architekton filed a mechanics' lien claim against Synod and Bone and Associates, Inc. (Bone), setting forth basically that Architekton claims a lien of $69,903.46 against Synod and Bone for the payment of a debt due to Architekton "as a contractor" as a result of providing architectural services and also for the supervision of the construction on real estate of Synod. Architekton had a written contract with Bone dated March, 1975 (said contract is attached to and made a part of the mechanics' lien claim) to provide the services in connection with the original development and construction of a recreational facility-family camp on Synod's land in Bear Creek Township, Luzerne County, Pa. The first work was performed on or about November 1, 1974, and the last work was performed on May 13, 1976. The mechanics' lien claim asserts that Synod and Bone are the owners or reputed owners and that Bone was acting on its own behalf and on the behalf of Synod with full authority to do so. By stipulation of counsel dated February 10, 1977, the lease agreement dated April 17, 1975, between Synod and Bone was filed of record with the prothonotary.

## DISCUSSION AND LAW

Synod's arguments are basically as follows: (1) Architekton is not a contractor and as such is excluded from the benefits and protection of the mechanics' lien law; (2) Leasehold interests are exempt from the mechanics' lien law; and (3) Architekton's claim does not conform to sections 201(2) and 304 of the mechanics' lien law in that Architekton is claiming a lien against all the prop-

erty of Synod and that the total acreage of Synod's property is substantially greater than the premises leased to Bone.

These particular preliminary objections are restricted and governed by section 505 of the Mechanics' Lien Law of August 24, 1963, P.L. 175, 49 P.S. §1505, which provides as follows:

"§1505. Procedure for contesting claim; preliminary objections

"Any party may preliminarily object to a claim upon a showing of exemption or immunity of the property from lien, or for lack of conformity with this act. The court shall determine all preliminary objections. If an issue of fact is raised in such objections, the court may take evidence by deposition or otherwise. If the filing of an amended claim is allowed, the court shall fix the time within which it shall be filed. Failure to file an objection preliminarily shall not constitute a waiver of the right to raise the same as a defense in subsequent proceedings."

Synod argues that Architekton is not a contractor. Section 201(4) of the Mechanics' Lien Law, 49 P.S. §1201(4), provides: " 'Contractor' means one who, by contract with the owner, express or implied, erects, constructs, alters or repairs an improvement or any part thereof or furnishes labor, skill or superintendence thereto; or supplies or hauls material, fixtures, machinery or equipment reasonably necessary for and actually used therein; or any or all of the foregoing, whether as superintendent, builder or materialman. The term also includes an architect or engineer who, by contract with the owner, express or implied, in addition to the preparation of drawings, specifications and contract documents also superintends or

supervises any such erection, construction, alteration or repair."

In Gunter Geiger Systems, Ltd. v. Aristocrat Upholstery Company, 94 Montg. L. J. 185 (1971), the court restated the basic proposition that an architect may take advantage of the Mechanics' Lien Law if his duties include the supervision and superintendence of the construction. Under the agreement retaining Architekton, Architekton is charged with representing the owners during all phases of construction. Architekton is further required to guard against deficiencies in the work and make decisions relating to the execution and progress of the work.

Considering the record before this court and the presumption in favor of the validity of the lien, Synod's first objection must be dismissed: N. Green & Co. v. Thompson, 172 Pa. 609, 33 Atl. 702 (1896).

Synod next argues that a lease-hold interest is exempt from the mechanics' lien law. Section 1303(d) of the act provides: "(d) Leasehold Premises. No lien shall be allowed against the estate of an owner in fee by reason of any consent given by such owner to a tenant to improve the leased premises unless it shall appear in writing signed by such owner that the erection, construction, alteration or repair was in fact for the immediate use and benefit of the owner."

An owner is an owner in fee, a tenant for life or years, or one having an estate or interest in the property involved: 49 P.S. §1201(3).

Synod is an owner under section 1201(3). The Supreme Court held that the writing required by section 1303(d) can be found in a lease agreement: American Seating Company v. Philadelphia, 434

Pa. 370, 256 A.2d 599 (1969). The issue is does the lease between Synod and Bone show that the lease agreement was for the immediate use and benefit of Bone. A review of that lease shows clearly that its purpose was to provide Synod with a camp and conference center. Certainly this falls within the American Seating Company rule.

One particular provision of the lease emphasizes the fact that this development was for the immediate use and benefit of Synod. Paragraph 11(a) of the lease provides: "11(a)—Lessor agrees that lessee may obtain a loan not exceeding One Hundred Thousand ($100,000.00) Dollars to enable lessee to begin initial operations upon the signing of this agreement. For this purpose, lessor agrees to pledge its title to the demised premises as collateral for the loan, and, if necessary, to co-sign the loan and to execute such other agreements as the mortgagee may reasonably require to authorize the said loan."

The clear purpose of these improvements was for the benefit of Synod. This objection must be dismissed.

Synod's final argument is that Architekton is claiming a lien on all of Synod's property which is substantially greater than that leased to Bone.

This court's scope of review on these preliminary objections is limited to those matters set forth. 49 P.S. §1505. A claim will not be stricken for inclusion of an excess of land in the curtilage: Citizens Bank of Palmerton v. Lesko, 277 Pa. 174, 120 Atl. 808 (1923). This objection must be dismissed.

## ORDER

It is hereby ordered and decreed that defendant's, Southeastern Pennsylvania Synod of the Lutheran Church in America, preliminary objections are overruled and dismissed.